CHRISTIAN F. PEREIRA, SBN 251599
PEREIRA LAW
249 E. Ocean Blvd., Suite 814
Long Beach, California
Telephone No.: (714) 482-6301
Facsimile No.: (714) 482-6302
Email:    christian@lawcfp.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, and J.S., A.S., Y.S., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE, and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> _____ | **Case No:** <br><br> **PLAINTIFFS' COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENT OF THE FEDERAL CONSTITUTION 42 U.S.C. § 1983** <br> 2. **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW—*MONELL* CLAIM** <br> 3. **VIOLATION OF 42 U.S.C. § 1983 SUBSTANTIVE DUE PROCESS** <br><br> **DEMAND FOR JURY TRIAL** |

## VENUE AND JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 29 U.S.C.§§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2. Venue is proper in the Central District of California. The facts underlying all claims and injuries took place within the geographic jurisdiction of the Central District, specifically in Lake Elsinore, Riverside County, California.

## PARTIES

3. Plaintiff, THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, appears by and through Clemente Najera-Aguirre's successors-in-interest and representatives, Plaintiffs J.S., A.S., Y.S.

4. Plaintiff J.S. is, and was an individual residing in Riverside County, California. Plaintiff J.S. is the natural son of decedent Clemente Najera-Aguirre and sues here both in his individual capacity and as successor-in-interest for THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, by and through his guardian-ad-litem Lucila Salgado.

5. Plaintiff A.S. is, and was an individual residing in Riverside County, California. Plaintiff A.S. is the natural son of decedent Clemente Najera-Aguirre and sues here both in his individual capacity and as successor-in-interest for THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, by and through his guardian-ad-litem Lucila Salgado.

6. Plaintiff Y.S. is, and was an individual residing in Riverside County, California. Plaintiff Y.S. is the natural daughter of decedent Clemente Najera-Aguirre and sues here both in her individual capacity and as successor-in-interest for THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, by and through her guardian-ad-litem Lucila Salgado.

7. Defendant COUNTY OF RIVERSIDE (hereinafter sometimes "COUNTY") is and was, at all times relevant to the matters alleged in this complaint, a public entity duly organized under the laws of the State of California, County of Riverside, and the public employer of the deputies named as defendants in this action.

8. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. DOES 1 through 10, and each of them, were duly appointed law enforcement officers, sergeants, lieutenants, detectives, deputies, officials, executives or policymakers, including those officers who on the date plead, stopped, detained, arrested or used physical force on decedent Clemente Najera-Aguirre, of the RCSD, a department and subdivision of Defendant COUNTY. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously name Defendants.

9. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the Defendants were acting within the course and scope of their employment or agency with Defendant COUNTY, which is liable in respondeat superior pursuant to section 815.2, et. seq. of the California Government Code for the acts of said Defendants that are alleged herein. At all times mentioned herein, each Defendant was also acting under the color of law under Riverside County and the State of California. Said Defendants are sued individually and in their capacity as herein and above defined employees, agents, and representatives of Defendant COUNTY.

10. Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting

jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

## **STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

11. On or about April 15, 2016, the decedent Clemente Najera-Aguirre was shot and killed by RCSD deputies, DOES 1 and 2, near W. Heald Ave. in Lake Elsinore, CA.

12. At the time of the shooting, Clemente Najera-Aguirre did not display any behavior, or take any physical action, that would lead a reasonable officer to believe that his or her life or the life of another was in danger or in threat of imminent harm, such that it would justify using deadly force. In fact, two other RCSD deputies who were present did not shoot the decedent.

13. Clemente Najera-Aguirre suffered great pain and anguish for a significant period of time after said defendants shot him. He eventually died from the wounds inflicted upon him by Defendant Does 1 and 2

14. Defendant COUNTY was long aware of the propensity of their deputies to callously and recklessly use excessive force against members of the public and to

engage in deceitful conduct. The following incidents illustrate the use of excessive deadly force, all of which are pursuant to these unconstitutional customs, policies, and practices of the RCSD:

(a) On July 7, 2013, RCSD Deputy Steve Lycopolus used excessive force when he shot and killed Adam Bosch. At no time prior to being shot by Deputy Lycopolus did Adam Bosch display any behavior, or take any physical action, that would lead a reasonable officer to believe that his or her life or the life of another was in danger or in threat of imminent harm, such that would justify using deadly force. At the time of the shooting, Adam Bosch was unarmed. Deputy Lycopolus was neither disciplined nor required to undergo any retraining as a result of his use of deadly force against Adam Bosch.

(b) On December 25, 2014, RCSD Deputy Melissa Rodriguez used excessive force when she shot and killed Omar Rodriguez. At no time prior to being shot by Deputy Rodriguez did Omar Rodriguez display any behavior, or take any physical action, that would lead a reasonable officer to believe that his or her life or the life of another was in danger or in threat of imminent harm, such that would justify using deadly force. At the time of the shooting, Omar Rodriguez was unarmed. Deputy Rodriguez was neither disciplined nor required to undergo any retraining as a result of her use of deadly force against Omar Rodriguez.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW
## (42 USC §§ 1983 and 1988, including Wrongful Death and Survival under Federal Violation of Civil Rights)
## [By Plaintiff Estate of Clemente Najera-Aguirre Against Does 1 and 2]

15. Plaintiffs hereby repeat, re-allege, and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

16. This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege or immunity secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of California.

17. On or before April 15, 2016, Clemente Najera-Aguirre possessed the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable searches, seizures, excessive force by agents of the government, deprivation of liberty without due process of law, and the right to privacy, among others.

18. At all times relevant hereto, decedent Clemente Najera-Aguirre did not pose a deadly threat to Does1 and 2 or anyone else.

19. Defendants Does 1 and 2, without cause or legal provocation, exercised the use of deadly force against Clemente Najera-Aguirre as plead above.

20. Each of Defendants' conduct was entirely unjustified. The conduct constitutes, among other things, an unjustifiable search and seizure though unreasonable and excessive use of force and unlawful arrest/seizure.

21. Said Defendants subjected the Plaintiffs to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of Plaintiffs' civil rights.

22. Said Defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of Defendant COUNTY and the RCSD would allow a cover-up of this misconduct and allow the continued use of illegal and excessive force in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States and the laws of the State of California.

23. After being shot by said Defendants, Clemente Najera-Aguirre endured great physical and emotional pain and suffering.

24. As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, Clemente Najera-Aguirre received wounds and

injuries to his body and mind which caused him to be unconstitutionally deprived of his personal liberties.

25. The acts of Defendants, and each of them, were so evil and egregious that said conduct, because of its nature, shocked the conscience and represented a violation of the Fourteenth Amendment's substantive due process protections.

26. The conduct of Defendants was willful, wanton, malicious and done with an evil motive, and intent, and reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages against said Defendants.

## SECOND CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW [*MONELL* CLAIM]
## (42 USC § 1983 and 1998, including Wrongful Death and Survival under Federal Violation of Civil Rights)
## [By All Plaintiff Clemente Najera-Aguirre against Defendant COUNTY OF RIVERSIDE]

27. Plaintiffs repeat, re-allege, and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

28. At the time of the shooting, as described above, Defendants Does 1 and 2 were acting within the course and scope of their duties as officers, employees, and representatives of Defendant COUNTY and the RCSD, deprived decedent Clemente Najera-Aguirre of his right to be free from unreasonable seizure and excessive force, when said Defendants unreasonably and without justification shot and killed him.

29. On and before April 15, 2016, and prior to the killing of Clemente Najera-Aguirre, Defendants COUNTY and DOES 1 through 10, and each of them, were aware that RCSD deputies, including Defendants Does 1 and 2, had engaged in a custom and practice of callous and reckless use of firearms and other misconduct, as summarized in the paragraphs above.

30. Defendants COUNTY, DOES 3 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, and of persons in Clemente Najera-Aguirre's class, situation, and comparable position in particular, knowingly maintained, enforced and applied customs and practices of:

(a) Encouraging, accommodating, or ratifying the shooting of residents;

(b) Encouraging, accommodating, or ratifying the use of excessive and unreasonable force, including deadly force;

(c) Encouraging, accommodating, or facilitating a "code of silence" among RCSD officers/supervisors, pursuant to which false reports were generated and excessive and unreasonable force was covered up;

(d) Employing and retaining, as officers and other personnel, individuals such as Defendants Does 1 and 2, who Defendant COUNTY knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating members of the public;

(e) Inadequately supervising, training, controlling, assigning, and disciplining RCSD deputies, including Defendants Does 1 and 2, who Defendant COUNTY knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits;

(f) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling intentional misconduct by officers;

(g) Assigning police officers with known histories of misconduct, including criminal conduct, in accordance with the RCSD custom of

assigning these police officers to come into contact with members of the public;

(h) Ratifying wrongful conduct by police officers and supervisors which result in serious injuries and deaths to members of the public as well as civil litigation judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct; and

(i) Failing to discipline, investigate, and take corrective actions against RCSD police officers for misconduct, including, but not limited to, unlawful detention, excessive force, and false reports.

31. By reason of the aforementioned customs and practices, Clemente Najera-Aguirre was severely injured and subjected to pain and suffering as alleged above in the First Claim for Relief.

32. Defendants COUNTY and DOES 3 through 10, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge, Defendant COUNTY and DOES 3 through 10 condoned, tolerated and, through actions and inactions, thereby ratified such customs and practices. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

33. Plaintiffs are informed and believe, and thereon allege, that Defendants Does 1 and 2 each had a history and propensity for acts of the nature complained of herein and manifested such propensity prior to and during their employment and/or agency with Defendant COUNTY. Plaintiffs are further informed and believe, and thereon allege, that Defendants COUNTY and DOES 1 and 2, knew, or in the exercise of reasonable care should have known, of such prior history and propensity at the time such individuals were hired and/or during the time of their employment.

These Defendants' disregard of this knowledge and/or failure to adequately investigate and discover and correct such facts caused the violation of Plaintiffs' constitutional rights.

34. The policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY and DOES 1 through 10, and each of them, were affirmatively linked to and were a significant influential force behind the Plaintiffs' injuries.

35. By reason of the aforementioned acts and omissions, Clemente Najera-Aguirre was shot and killed by Defendants Does 1 and 2.

## THIRD CLAIM FOR RELIEF

## SUBSTANTIVE DUE PROCESS VIOLATIONS

## (42 U.S.C. §1983)

**[By Plaintiff J.S., A.S., Y.S., and Against Defendants DOES 1 and 2]**

36. Plaintiffs hereby repeat, re-allege, and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

37. The substantive due process clause of the Fourteenth Amendment of the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

38. As alleged above, the shooting and killing of Clemente Najera-Aguirre. was unreasonable under the circumstances of the encounter. As such, the shooting and killing of Clemente Najera-Aguirre violated the constitutional limits on police use of deadly force in violation of the Fourth Amendment's limits on unreasonable seizures.

39. At the same time Clemente Najera-Aguirre was killed, the right of Plaintiffs J.S., A.S., Y.S., to be free from government interference in their relationship with their father.

40. The unreasonable conduct of Defendants Does 1 and 2 was the direct and proximate cause of the death of Clemente Najera-Aguirre. As a result of the unreasonable conduct of these Defendants, Plaintiffs J.S., A.S., Y.S., and lost Clemente Najera-Aguirre, as well as his love, affection, society and moral support.

41. The unreasonable conduct of these Defendants was willful and done with a deliberate disregard for the rights and safety of Clemente Najera-Aguirre and the present Plaintiffs, and therefore warrants the imposition of punitive damages as to Defendants Does 1 and 2.

## **PRAYER**

WHEREFORE, THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, J.S., A.S., Y.S., pray for judgment against Defendants as follows:

1. For general damages for violation of Clemente Najera-Aguirre's Constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure of his person;

2. For general damages for the pain, suffering, mental anguish and other psychological and mental pain experienced by Clemente Najera-Aguirre prior to his death in an amount according to proof at the time of trial, as permitted by *Chaudry v. City of Los Angeles*, 751 F.3d 1096 (2014).

3. For general damages for the loss of love, aide, comfort, society, companionship and affection due to the death of decedent Clemente Najera-Aguirre, according to proof at the time of trial;

4. For special damages for the loss of economic support of decedent Clemente Najera-Aguirre in an amount according to proof at the time of trial;

5. For funeral and burial expenses according to proof;

6. For Punitive damages to punish and make an example of the Defendant Does 1 and 2 in an amount according to proof at the time of trial

7. For attorneys' fees, investigation expenses, costs and other expenses in vindication of Plaintiff's Constitutional rights under 42 U.S.C. Section 1988 in an amount according to proof at the time of trial

8. For other general damages in an amount according to proof at trial;

9. For other special damages in an amount according to proof at trial;

10. For pre-judgment and post-judgment interest; and

11. For such other and further relief as the Court may deem just and proper.

Dated: April 13, 2018        PEREIRA LAW

                                  By:   */s/ Christian F. Pereira*
                                       CHRISTIAN F. PEREIRA
                                       Attorneys for Plaintiffs

## **DEMAND FOR JURY**

COME NOW Plaintiffs THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, J.S., A.S., Y.S., hereby demand a trial by jury in this matter.

Dated: April 13, 2018          PEREIRA LAW

By: _/s/ Christian F. Pereira_
CHRISTIAN F. PEREIRA
Attorneys for Plaintiffs

-13-
COMPLAINT FOR DAMAGES