Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Tony M. Sain (State Bar No. 251626)
  *tms@manningllp.com*
Andrea K. Kornblau (State Bar No. 291613)
  *akk@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
COUNTY OF RIVERSIDE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, and J.S., A.S., Y.S.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:18-cv-00762-DMG-SP<br>*[Hon. Dolly M. Gee, Dist. Judge; Hon. Sheri Pym, Magistrate Judge]*<br><br>**ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   04/13/2018<br>Trial Date:             None |

Defendant COUNTY OF RIVERSIDE ("Defendant") hereby answers plaintiffs' Complaint on file herein (filed April 13, 2018) – hereinafter referred to as the "Complaint") and defendant hereby admits, denies, and alleges as follows:

1.   Answering paragraph 1 of the Complaint, under the header "Venue and Jurisdiction": Defendant admits that this Court has jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States, including claims arising under 28 U.S.C. §§ 1331. As to the remaining allegations of this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable

Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every remaining allegation contained therein.

2.     Answering paragraph 2 of the Complaint, under the header "Venue and Jurisdiction":  Defendant admits that claims arising from events that occurred in the County of Riverside, California, may be brought before the venue of this Court. As to the remaining allegations of this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every remaining allegation contained therein.

3.     Answering paragraph 3 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

4.     Answering paragraph 4 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

5.     Answering paragraph 5 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

6.     Answering paragraph 6 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on

those grounds denies generally and specifically each and every allegation contained therein.

7. Answering paragraph 7 of the Complaint, under the header "Parties": Defendant admits that the County of Riverside is a political subdivision of the State of California. As to the remaining allegations of this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every remaining allegation contained therein.

8. Answering paragraph 8 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

9. Answering paragraph 9 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

10. Answering paragraph 10 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

11. Answering paragraph 11 of the Complaint, under the header "Statement of Facts Common to All Causes of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and

specifically each and every allegation contained therein.

12. Answering paragraph 12 of the Complaint, under the header "Statement of Facts Common to All Causes of Action":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

13. Answering paragraph 13 of the Complaint, under the header "Statement of Facts Common to All Causes of Action":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

14. Answering paragraph 14, including subparagraphs (a)-(b), of the Complaint, under the header "Statement of Facts Common to All Causes of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

15. Answering paragraph 15 of the Complaint, under the header "First Claim for Relief":  Defendant repeats, reiterates and realleges all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 14, inclusive, of plaintiffs' Complaint.

16. Answering paragraph 16 of the Complaint, under header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein. Answering further, Defendant denies that it is liable for any and all injuries alleged by plaintiffs. Defendant also denies that plaintiffs are entitled to any relief.

17. Answering paragraph 17 of the Complaint, under the header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, under the header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, under the header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

20. Answering paragraph 20 of the Complaint, under the header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

21. Answering paragraph 21 of the Complaint, under the header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

22. Answering paragraph 22 of the Complaint, under the header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated,

and on those grounds denies generally and specifically each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, under the header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

24. Answering paragraph 24 of the Complaint, under header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

25. Answering paragraph 25 of the Complaint, under header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

26. Answering paragraph 26 of the Complaint, under header "First Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein. Answering further, Defendant denies that they are liable for any and all injuries alleged by plaintiffs. Defendant also denies that plaintiffs are entitled to any relief.

27. Answering paragraph 27 of the Complaint, under the header "Second Claim for Relief":  Defendant repeats, reiterates and realleges all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 26, inclusive, of plaintiffs' Complaint.

28. Answering paragraph 28 of the Complaint, under header "Second Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

29. Answering paragraph 29 of the Complaint, under header "Second Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

30. Answering paragraph 29, including subparagraphs (a)-(i), of the Complaint, under header "Second Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

31. Answering paragraph 31 of the Complaint, under header "Second Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

32. Answering paragraph 32 of the Complaint, under header "Second Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, under header "Second Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated,

and on those grounds denies generally and specifically each and every allegation contained therein.

34. Answering paragraph 34 of the Complaint, under header "Second Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

35. Answering paragraph 35 of the Complaint, under header "Second Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

36. Answering paragraph 36 of the Complaint, under the header "Third Claim for Relief":  Defendant repeats, reiterates and realleges all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 35, inclusive, of plaintiffs' Complaint.

37. Answering paragraph 37 of the Complaint, under header "Third Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

38. Answering paragraph 38 of the Complaint, under header "Third Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

39. Answering paragraph 39 of the Complaint, under header "Third Claim for Relief":  Defendant does not have sufficient knowledge, or information or belief, to

enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

40. Answering paragraph 40 of the Complaint, under header "Third Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

41. Answering paragraph 41 of the Complaint, under the header "Third Claim for Relief": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within this paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein. Answering further, Defendant denies that it is liable for any and all injuries alleged by plaintiffs. Defendant also denies that plaintiffs are entitled to any relief.

42. Answering plaintiffs' Prayer for Relief, Defendant denies all liability to plaintiffs, including, but not limited to, all liability for any damages (general, special, exemplary or otherwise), penalties, fees, or costs of any kind, or for any relief of any kind from Defendant to the plaintiffs.

43. To the extent plaintiffs assert any other claims or contentions not specifically addressed herein above, Defendant generally and specifically denies each and every remaining allegation and/or claim.

## **AFFIRMATIVE DEFENSES**

44. As separate and affirmative defenses, defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

45. Plaintiffs' Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted.

46. Plaintiffs' Complaint also fails to state a claim against any defendant in this action.

47. Plaintiffs' claims are time-barred by the operative statute(s) of limitations (including, but not limited to, California Code of Civil Procedure § 335.1).

## SECOND AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

48. This action is barred by the Plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

49. The Complaint is barred based on plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

50. Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

51. Plaintiffs' recovery is barred because the causes of action stated in the complaint do not correspond with the legal claims asserted in plaintiffs' written claim. The Complaint thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

52. Defendant alleges that plaintiffs' actions are barred by reason of conduct, actions and inactions of plaintiffs which amounts to and constitutes a waiver of any right plaintiffs may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

///

///

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

53. Plaintiffs' claims are barred or limited to the extent plaintiffs failed to mitigate plaintiffs' injuries or damages, if there were any. Plaintiffs have failed to mitigate the damages, if any, which plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE
### (Contributory and/or Comparative Liability)

54. Plaintiffs' claims are barred or limited by plaintiffs' contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiff suffered any injury or damages, it was the result of plaintiff's own negligent or deliberate actions or omissions.

55. Plaintiffs' recovery is barred because any injury or damage suffered by any plaintiff was caused solely by reason of the plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties. The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendant on account of such conduct.

### SIXTH AFFIRMATIVE DEFENSE
### (Public Entity/Employee Immunity for Others' Torts)

56. Plaintiffs' recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

57. The answering defendant is informed and believes and thereon alleges that if any plaintiff sustained any injury or damages, such injury or damages was solely

caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering defendant. To the extent that plaintiff's damages were so caused, any recovery by plaintiff as against the answering defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Discretionary Acts)

58. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

59. Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

60. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2. Based thereon, each of the answering defendants are immune from liability for any injuries claimed by plaintiff, herein.

61. Defendant is immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiff(s) complains pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE
## (Public Entity Immunity)

62. To the extent that the Complaint attempts to predicate liability upon any public entity defendant or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

63. Defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## NINTH AFFIRMATIVE DEFENSE
## (Qualified Immunity & Good Faith Immunity)

64. Defendant and its agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances. Defendant therefore asserts the individual defendant's Qualified Immunity from liability to the fullest extent applicable.

65. Defendant is immune from liability under the Federal Civil Rights Act because it acted in good faith with an honest and reasonable belief that its actions were

necessary and appropriate. Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. Defendant is immune from liability under the Federal Civil Rights Act because its conduct did not violate clearly established rights. Defendant is also immune from liability under the doctrine of Qualified Immunity.

66. At all relevant times, defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

67. At the time and place referred to in the Complaint, and before such event, plaintiffs knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Standing)

68. Plaintiffs lack standing to commence this action as decedent's successor-in-interest by Plaintiffs' failure to comply with the pleading requirements of California Code of Civil Procedure § 377.10, et seq., including but not limited to §§ 377.10; 377.11; 377.30; 377.31; and 377.32, to the extent applicable. Plaintiffs have not filed the necessary affidavit under penalty of perjury, nor have Plaintiffs included the required certified copy of decedent's certificate of death as required by California law.

69. Defendant contends that as asserted in this action, in Plaintiff's individual capacity, Plaintiff(s) lacks standing to commence any wrongful death claims within the meaning of California Code of Civil Procedure § 377.60, et seq., including but not

limited to §§ 377.60 and 377.61, to the extent applicable to decedent's alleged wrongful death.  Plaintiff(s) has not pleaded any facts sufficient or tending to establish that Plaintiff, and Plaintiff only, is decedent's heir and/or personal representative as required by California law.

### TWELFTH AFFIRMATIVE DEFENSE

70.    Defendant contends that it cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in Plaintiffs' complaint. Accordingly, Defendant expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

### PRAYER FOR RELIEF

WHEREFORE, the answering Defendant prays as follows:

1.    That Plaintiffs take nothing by this action;

2.    That Defendant be awarded attorneys' fees and costs of this suit and costs of proof; and that Defendant be awarded such other relief as the Court deems just.

### JURY DEMAND

Defendant demands a trial by jury as to each issue triable by jury.

DATED:  July 17, 2018

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:     /s/ Eugene P. Ramirez
Eugene P. Ramirez
Tony M. Sain, Esq.
Andrea K. Kornblau, Esq.
Attorneys for Defendant,
COUNTY OF RIVERSIDE