UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 1 of 13 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [233]**

In this Section 1983 case, the Estate of Decedent Clemente Najera Aguirre sought damages from Defendants County of Riverside and Officer Dan Ponder stemming from a 2016 incident in which Officer Ponder shot and killed Najera Aguirre. *See generally* Second Am. Compl. [Doc. # 83.] After a five-day jury trial in April 2023, a jury awarded $10 million in damages to Plaintiffs Julio Najera-Salgado, Alejandro Najera-Salgado, and Y.S. [Doc. # 217.] The Court denied Defendants' subsequent motion for judgment as a matter of law on August 11, 2023. [Doc. # 244.]

Plaintiffs filed a Motion for Attorneys' Fees ("MAF") on June 30, 2023. [Doc. # 233.] The Motion is fully briefed. [Doc. ## 235 ("Opp."), 236 ("Reply").] Having duly considered the parties' written submissions, the Court now issues the following decision.

**I.
LEGAL STANDARD**

Under 42 U.S.C. § 1988, the "prevailing party" in a suit may be entitled to "a reasonable attorney's fee." 42 U.S.C. § 1988; *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019); *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018); *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorney's fees, instructing district courts to "multipl[y] the number of hours 'reasonably expended on a case by a reasonable hourly rate.'" *Roberts*, 938 F.3d at 1023–24 (quoting *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The burden is on the party seeking fees to establish their reasonableness. *Roberts*, 938 F.3d at 1024.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | *The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al.* | Page | 2 of 13 |

"To determine a 'reasonable hourly rate,' the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

"In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[I]t is not per se unreasonable for the prevailing party in a civil rights case to be awarded an amount of attorney's fees that exceeds the amount of money recovered by his or her client." *Id.* at 1200.

"The district court has discretion in determining the amount of a fee award . . . in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437.

If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzalez*, 729 F.3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across-the board percentage cut." *Id.* "[W]hen a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a clear and concise explanation for why it chose the specific percentage to apply." *Id.* at 1200.

## II.
## DISCUSSION

Plaintiffs' counsel seeks a lodestar amount of $1,528,085.50. MAF at 2.[1] Their lodestar is comprised of the following figures:

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
|---|---|---|---|
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 3 of 13 |

| Attorney | Graduation Year | Rate | Hours | Total |
|---|---|---|---|---|
| Dale K. Galipo | 1984 | $1,300 | 472 | $613,600 |
| Hang D. Le | 2013 | $700 | 244.5 | $171,150 |
| Ranhee Lee | 2018 (admitted 2020) | $475 | 7.7 | $3,657.50 |
| Benjamin S. Levine | 2021 | $400 | 72.7 | $29,080 |
| Cooper Alison-Mayne | 2021 (admitted 2021) | $400 | 12.2 | $4,880 |
| Christian F. Pereira | 2007 | $750 | 591.8 | $443,850 |
| Melissa Fulgencio | 2010 (admitted 2011) | $525 | 146.6 | $76,965 |
| Ian A. Cuthbertson[2] | Legal Assistant | $200 | 63.1 | $14,197.50 |
| Ian A. Cuthbertson | 2019 | $425 | 286.6 | $121,805 |
| Christopher Markarian | 2012 | $450 | 87.75 | $39,487.50 |
| Karen Slyapich | Litigation Assistant | $225 | 48.4 | $10,890 |

See MAF at 30 (table of figures).

In the process of litigating this fees motion, Plaintiffs' counsel billed the following additional hours, set forth in their Reply:

| Attorney | Graduation Year | Rate | Hours | Total |
|---|---|---|---|---|
| Hang D. Le | 2013 | $700 | 12.5 | $8,750 |
| Ian A. Cuthbertson | 2019 | $425 | 1.5 | $600 |

See Reply at 18.

A.      Hourly Rates

Plaintiffs' counsel contends that the following hourly rates for his attorneys are reasonable: $1,300 for Dale Galipo, $700 for Hang D. Le, $475 for Ranhee Lee, $400 for Benjamin S. Levine, $400 for Cooper Alison-Mayne, $750 for Christian F. Pereira,[3] $525 for Melissa Fulgencio, $225 for Ian A. Cuthbertson (as a legal assistant), $425 for Ian A.

---

[2] Cuthbertson performed work in this case both as a Legal Assistant in 2018–19 and as an attorney from 2019–2023. See MAF at 27; Decl. of Ian A. Cuthbertson ISO MAF ¶ 16 [Doc. # 233-24 ("Cuthbertson Decl.")].
[3] Pereira passed away in 2022.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 4 of 13 |

Cuthbertson (as an attorney) and $450 for Christopher Markarian. MAF at 20–28. He also requests $225 for Karen Slyapich, litigation assistant. *Id.* at 28.

The Court will first address an overarching point of contention between the parties. Throughout their Opposition, Defendants argue that attorney time should be compensated via "graduated" rates, meaning that time should be billed at a rate dependent on the year that the work was performed. Sometimes, in civil rights cases, courts may make an "appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise . . . ." *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283–84 (1989). In other words, "[a] fee award at current rates is intended to compensate prevailing attorneys for lost income they might have received through missed investment opportunities as well as lost interest." *See Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992).

This case took many years to litigate, and there has been a long delay before payment. The Court will account for each attorney's experience at the time of the billing entry in its assessment of reasonable rates, but it will exercise its discretion to award fees at each individual's current rate. In analyzing each individual's reasonable rate, the Court consults the *2022 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* as a starting point. *See* Sobel Decl., Ex. 21 (2022 "Real Rate Report") [Doc. # 233-34]; *see also Stetson v. W. Publ'g Corp.*, 714 Fed. App'x 681, 683 (9th Cir. 2017) (citing the Real Rate Report as a helpful source in conjunction with other evidence of reasonable rates). Notably, the Real Rate Report reflects an overall trend in an approximately 30% increase of rates between 2020 and 2022 in complex civil litigation. *See* Sobel Decl. ¶ 29.

1. **Dale Galipo**

Galipo, the lead trial attorney, has managed his own litigation firm since 1991 and regularly handles civil rights cases, especially ones involving alleged police misconduct. *See* Decl. of Dale K. Galipo ISO MAF ¶ 4 [Doc. # 233-1 ("Galipo Decl.")]. He has received numerous accolades over the years, including being selected to give the UCLA Law Irving H. Green Memorial Lecture in 2019 and for the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles in 2020. *Id.* ¶¶ 10, 11. He is also a member of the Inner Circle of Advocates, a group considered to represent the top one hundred civil plaintiffs' attorneys in the United States. *Id.* ¶ 8. He has tried more than a hundred civil cases through verdict, and the evidence includes a list of his most notable verdicts, more than ten of which were above $1 million. *Id.* ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 5 of 13 |

Plaintiffs request a $1,300 rate for Galipo. *See* MAF at 20–22. Defendants do not offer a clear counter-figure, but seem to argue for a maximum rate of $1,100. Opp. at 8–9; *see also* Galipo Decl. ¶¶ 19 (describing $1,100 hourly rate awarded by Judge Gutierrez in April 2020), 20–21 (same rate awarded in September and October 2021 by Judge Bernal). Galipo cites two cases from this district in which he received a $1,200 hourly rate in 2023, although in at least one of them that was based on 2022 rates in an attempt to resolve fees without a motion. *Id.* ¶ 23; MAF at 21–22; Reply at 9–10.

Carol Sobel, Plaintiffs' expert, indicates that the going hourly rate for partners in Los Angeles practicing in complex litigation is between $1,200 and $1,400. *See* Decl. of Carol Sobel ISO MAF ("Sobel Decl.") ¶ 22 [Doc. # 233-32]. Moreover, she includes more than a dozen examples of fee awards for even less-experienced attorneys that are comparable to or greater than Galipo's requested rate. *Id.* ¶¶ 28–40. For the last two years, she has used a 5% increase per year based on the Los Angeles Consumer Price Index and higher inflation rates. *Id.* ¶ 21. Defendants do not offer any expert evidence that might undermine Sobel's opinion.

Galipo obtained a very favorable result in this action. He is an extremely accomplished civil rights practitioner. He has previously been awarded a $1,200 rate in comparable cases with comparable victories approximately one year ago. Courts commonly adjust attorneys' rates for inflation, and therefore a slight adjustment is appropriate here. *See Seachris v. Brady-Hamilton Stevedor Co.*, 994 F.3d 1066, 1078 (9th Cir. 2021) (noting that Administrative Law Judge "appropriately" adjusted data for inflation); *see also Chalmers*, 676 F. Supp. at 1526–27 (broad discussion of rate of inflation on attorneys' fees schedules).

For all these reasons, the Court finds that **$1,250** is a reasonable hourly rate for Galipo in this action.

2.  **Hang D. Le**

For Le, a 2013 graduate of University of Southern California Gould School of Law ("USC"), Plaintiffs request an hourly rate of $700. MAF at 22; Decl. of Hang D. Le ISO MAF ¶¶ 4, 12 [Doc. # 233-10 ("Le Decl.")]. She has worked with Mr. Galipo since May 2014, and has been the "day-to-day managing attorney in cases with Mr. Galipo" and has achieved many large verdicts as second chair. Hang Decl. ¶¶ 6, 8–10.

In his Supplemental Declaration, Galipo states that he "very much rel[ies]" on Le as second chair at trial and would not have obtained the same level of success in this case without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
|---|---|---|---|
| Title | *The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al.* | Page | 6 of 13 |

her. *See* Suppl. Galipo Decl. ¶ 2 [Doc. # 236-1]. She has worked "almost exclusively" on Section 1983 cases such as this one since May 2014, when she joined Galipo's firm. Le Decl. ¶ 6. She has many substantive responsibilities as a Senior Associate at the firm, and has helped Galipo win many seven-figure verdicts and settlements as well as two eight figure verdicts (including this one). *Id.* ¶¶ 8–9.

Le's highest hourly rate awarded to date was $550 in 2021. *See* MAF at 22. While she did not examine any witnesses at trial, comparable awards to lawyers who second chaired successful trials in Section 1983 cases have reached $700/hour. *See* Opp. at 9–10; Reply at 11–12. Sobel also provides multiple examples of rates awarded to attorneys in Los Angeles with comparable experience in comparable cases. *See* Sobel Decl. ¶¶ 41–48 (describing comparable and even greater rates by Los Angeles-area attorneys in similarly complex litigation).

Given her relevant experience and key role throughout this litigation, Sobel's evidence of rates charged by comparable lawyers in comparable cases, and the excellent result achieved at trial, the Court will award Le **$650/hour** for her time expended on this matter.

    3.    **Ranhee Lee**

For Lee, Plaintiffs request an hourly rate of $475. *See* MAF at 23; Decl. of Ranhee Lee ISO MAF ("Lee Decl.") ¶ 13 [Doc. # 233-12]. She is a 2018 USC graduate, and was admitted to the California State Bar in 2020. Lee Decl. ¶ 8. She has worked closely with Galipo in numerous cases resulting in large verdicts. *Id.* ¶ 11. Throughout her career, she has specialized in civil rights police excessive force cases and thus brought significant subject matter expertise to this case. *Id.*

Notwithstanding the foregoing, her work on this case was limited, and primarily involved caselaw research alone. *See* Opp. at 10; *see also* Lee Decl., Ex. 10 (Lee Billing Records) [Doc. # 233-12]. Plaintiffs do not provide evidence supporting Lee's rate as compared to rates awarded in cases that are comparable to this one. The Court concludes that **$425/hour** is a reasonable rate for Lee's time expended.

    4.    **Benjamin S. Levine and Cooper Alison-Mayne**

Levine's requested rate is $400/hour. *See* MAF at 24; Decl. of Benjamin Levine ISO MAF ("Levine Decl.") ¶ 17 [Doc. # 233-14]. Levine graduated top 5% of his class in UCLA School of Law in 2021, and was admitted to the State Bar of California the same year. Levine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 7 of 13 |

Decl. ¶¶ 5–6. He also served as a law clerk to Judge William B. Shubb, in the United States District Court for the Eastern District of California, in Sacramento. *Id.* ¶ 7.

Alison-Mayne also requests a rate of $400/hour. MAF at 24; Decl. of Cooper Alison-Mayne ISO MAF ("Alison-Mayne Decl.") ¶ 14 [Doc. # 233-16]. He also graduated UCLA School of Law in 2021, and was admitted to the California State Bar in March 2022. Alison-Mayne Decl. ¶¶ 4–5. He served as a law clerk for Judge William J. Martinez in the United States District Court for the District of Colorado. *Id.* ¶ 6.

These two attorneys have comparable experience and participated in the case in a similar capacity—for trial preparation. There is little evidence of either having any particular subject matter expertise nor of their contributions to trial. *See* Opp. at 11. The Court concludes that a rate of **$300/hour** is reasonable for each of them. *See* Sobel Decl. ¶¶ 53–56.

5. **Christian Pereira**

Plaintiffs request $750/hour for Christian Pereira, who spent significant time on this case as a lead attorney before he passed away in 2022. *See* MAF at 26; Decl. of Briana Kim ISO MAF ("Kim Decl.") ¶¶ 4–5 [Doc. # 233-18]; Decl. of Jonathan E. Howell ISO MAF ¶ 2 [Doc. # 233-21]. Pereira graduated from Loyola Law School in 2007, and practiced civil rights law at the Law Offices of Moreno, Becerra & Casillas before starting his own civil rights firm in January 2017. *See* Kim Decl. ¶ 5; Decl. of Arnoldo Casillas ISO MAF ("Casillas Decl.") ¶¶ 4–6 [Doc. # 233-20].

Since Defendants do not contest Plaintiffs' requested hourly rate for Pereira, the Court will award **$750/hour** for his time billed.

6. **Melissa Fulgencio**

Plaintiffs request $525/hour for Fulgencio's time. *See* MAF at 26; Decl. of Melissa Fulgencio ISO MAF ("Fulgencio Decl.") ¶ 6 [Doc # 233-22]. She is a 2010 Western State University College of Law graduate who has been practicing since 2011, specializing in civil litigation. Fulgencio Decl. ¶¶ 2, 4. She worked on this case form January to June 2019, during which time she was "consumed" by the case because she was one of the two "main attorneys" staffed on the matter. *Id.* ¶ 5. She also notes that she spent a "great deal of unbilled time" on various tasks and discussions on this case. *Id.* ¶ 9. The Court determines that **$500** is a reasonable hourly rate for Fulgencio's work on this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
|---|---|---|---|
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 8 of 13 |

### 7. Ian A. Cuthbertson

Cuthbertson worked on this case as a Legal Assistant under Pereira's supervision in 2018, and requests an hourly rate of **$200** for those hours. *See* MAF at 27; Cuthbertson Decl. ¶ 4. He was sworn into the California State Bar in May 2019, and requests an hourly rate of $425 for time expended after that date. *See* Cuthbertson Decl. ¶ 10. Defendants do not challenge his requested Legal Assistant rate, so the Court adopts it for those hours. As for his attorney rate, the Court will award **$400/hour**, based on his experience and apparent contributions to this case, particularly in light of his longevity on this case and his significant time expended on trial preparation.

### 8. Christopher Markarian

Plaintiffs request that Markarian's time be compensated at an hourly rate of **$450**. MAF at 27–28; Decl. of Christopher Markarian ISO MAF ("Markarian Decl.") ¶ 9 [Doc. # 233-28]. He graduated from law school in 2012, and has managed his own law firm specializing in personal injury cases since 2013. Markarian Decl. ¶¶ 3, 5. Defendants did not dispute Markaian's rate, so the Court will adopt it. *See generally* Opp.

### 9. Karen Slyapich

Defendants argue that Slyapich's hourly rate as a litigation assistant should be $200, instead of $225, based on a rate awarded to her nearly four years ago. *See* Opp. at 235. Slyapich has been working in the legal field for 29 years, and obtained a paralegal certificate from the University of California, Dominguez Hills in 2014. *See* Decl. of Karen Slyapich ISO MAF ("Slyapich Decl.") ¶ 2 [Doc. # 233-30]. Given her experience and her contributions to this case, the Court awards her requested rate of **$225**. *See* MAF at 28; *see generally* Slyapich Decl.

### B. Hours Reasonably Expended[4]

#### 1. Block Billing

Defendants accuse Plaintiffs of "block billing," which is a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather

---

[4] Where necessary, the Court will round time entries to the nearest tenth of an hour.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 9 of 13 |

than itemizing the time expended on specific tasks." See Welch v. Metro Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation omitted).

Defendants identify a few specific examples of block billing, and requests a 30% reduction in those hours. See Opp. at 12–13. The Court will implement a deduction to some of those time entries identified, as described below. District courts generally apply a minimal 5–10% reduction for block-billed time entries. See Pierce v. Cnty. of Orange, 905 F. Supp. 2d 1017, 1030–31 (C.D. Cal. 2012) (citing Moreno v. City of Sacramento, 534 F.2d 1106, 1112 (9th Cir. 2008)). Since the Court cannot determine from the block-billed entries whether the time expended was reasonable, it will apply a 10% reduction as reflected below.

- On April 26, 2023, Le billed 10.5 hours as "Reviewed Defendant's Rule 50(a) Motion; trial prep; trial." The Court will reduce this entry by 10% and count that entry as 9.4 hours, reducing Le's total award by **$715** (1.1 hour reduction x $650 rate).

- The Court will reduce Cuthbertson's block-billed time entries on October 17 and 18, 2019 by 10%. See Pierce v. Cnty. of Orange, 905 F. Supp. 2d 1017, 1030–31 (C.D. Cal. 2012) (citing Moreno v. City of Sacramento, 534 F.2d 1106, 1112 (9th Cir. 2008)). This will reduce Cuthbertson's total time billed on those dates from 19.5 to 17.6 hours, reducing the award by **$760** ((19.5 hours x $400 rate) – (17.6 hours x $400 rate)).

- The Court will also reduce Slyapich's entries by 10% for the following dates: March 7 and 16, 2023; April 13 and 14, 2023, reducing the award by **$405** ((18.1 hours x $225 rate) – (16.3 hours x $225 rate)).

- The Court will address Levine's trial prep entries in the next section, see infra.

2.  **Duplicative Billing**

The Court rejects Defendants' argument that Le should be billed at a paralegal rate for her work at trial, or that her time billed for trial should be reduced. See Opp. at 13–14. District courts frequently acknowledge that it is necessary for multiple lawyers to be present at court proceedings in more complicated cases. See, e.g., Lopez v. San Francisco Unified Sch. Dist., 385 F. Supp. 2d 981, 994 (N.D. Cal. 2005) ("The Court has reviewed the instances cited by defendant and does not find it unreasonable to have multiple attorneys present at a case management conference, mediation, or deposition."); Curtin v. Cnty. of Orange, No. CV 16-591-SVW

Case 5:18-cv-00762-DMG-SP   Document 252   Filed 03/29/24   Page 10 of 13   Page ID #:7155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
|---|---|---|---|
| Title | *The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al.* | Page | 10 of 13 |

(PLAx), 2018 WL 10320668, at *15 (C.D. Cal. Jan. 31, 2018) (compensating duplicative billing of three attorneys at Section 1983 trial, "[u]nderstanding that assistance may be required"); *Nat'l Comm'n for Certification of Crane Operators v. Ventula*, 2010 WL 2179505, at *5 (D. Haw. Apr. 30, 2010) ("As a general rule, this Court allows two attorneys to bill for their appearances at court proceedings when it is reasonable and necessary for a 'second-chair' to appear with lead counsel."); *see also Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1024 (C.D. Cal. 2014), *aff'd*, 891 F.3d 776 (9th Cir. 2018) (declining to reduce fees based on duplicative deposition attendance because "[a] second attorney may serve as a sounding board").

Additionally, the presence of multiple lawyers at trial is justified here because this case presented complex issues, a high level of risk, and resulted in a large verdict for Plaintiffs. *Cf. Langer v. Westco Inv. LLC*, No. CV 19-2439-SVW (SKx), 2020 WL 7060137, at *7 (C.D. Cal. Aug. 7, 2020) ("It is unreasonable to staff multiple experienced attorneys for a routine case with no significant novelties that was largely unopposed."). Le has spent an enormous amount of time working on this case, and Galipo testified that Le's participation at trial was essential to his success. *See* Suppl. Galipo Decl. ¶ 2; *see generally* Le Timesheet. For the same reasons, the Court will not reduce the hours billed for various trial preparation meetings the week before trial began. *See* Opp. at 14.

The Court agrees with Defendants, however, that Plaintiffs have not provided sufficient evidence or explanation to justify Levine and Cuthbertson's billing for sitting through the entirety of trial itself. *See* Opp. at 13–14; Reply at 15–16; *see also Gates*, 987 F.2d at 1399 (time will not be compensated when it is "excessive, redundant, or otherwise unnecessary") (citation omitted). While Plaintiffs' Reply offers general arguments about how "duplicative" billing is not inherently problematic, it does not provide any additional information to justify Levine's presence at trial. The Court will strike Levine's entries from April 20–26, 2023, which total 43.6 hours or **$17,440** billed. As for Cuthbertson, any insight into Pereira's strategy that he might have possessed could have been shared at any time throughout the case, or on an as-needed basis during trial. The Court will also strike Cuthbertson's entries from those dates, reducing Plaintiffs' award by **$14,700** (36.75 hours x $400 rate).

Defendants also take issue with Pereira, Fulgencio, and Markarian's duplicative billing entries for depositions of non-party witnesses. *See* Opp. at 14. Cuthbertson's Supplemental Declaration [Doc. # 236-2] explains that the firm's deposition staffing was excessive in part due to Defendants' conduct in discovery, and some of that time reflects travel time properly billed for depositions. *See Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1177 (N.D. Cal. 2012); [Doc. ## 233-19 ("Pereira Timesheet"), 233-23 ("Fulgencio Timesheet") 233-29 ("Markarian Timesheet").] Plaintiffs do not explain why Fulgencio and Markarian both billed for several

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 11 of 13 |

depositions. Fulgencio was one of the lead attorneys on this case at the time of these depositions. *See* Fulgencio Decl. ¶ 5. Markarian's contributions to this case were a little more ancillary, as his billed time is entirely comprised of preparing for, noticing, and taking depositions. *See generally* Markarian Timesheet. The Court will reduce Markarian's time by 20% to compensate for any redundancies in staffing those depositions.

Lastly, the Court will strike Le's September 11, 2020 entry for 4.6 hours spent reviewing the MSJ. *See* Opp. at 15; Le Timesheet at 3 [Doc. # 233-11]. Upon review of her timesheets, her entries for June 7, 2020 and August 28, 2020 correspond to the briefing schedule of the motion for reconsideration of the summary judgment order, whereas it is unclear why the September 11, 2020 review was necessary.

       3.    **Excessive Hours**

Defendants also argue that some of Pereira and Fulgencio's time entries were excessive for certain tasks. *See* Opp. at 15. The Court will reduce both attorneys' entries to .5 hours for their review of the Court's Order granting in part Defendants' *Ex Parte* Application to Quash Subpoena and Request for Protective Order. Pereira Timesheet at 13 (billing 2 hours); Fulgencio Timesheet at 7 (billing 2.25 hours). It will also reduce Pereira's time billed on December 17, 2018 for working on Defendants' proposed Protective Order (2.75 hours) and then drafting his own (2.3 hours) by 2 hours to address any inefficiency on that date. *See* Opp. at 15; Reply at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
|---|---|---|---|
| Title | The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al. | Page | 12 of 13 |

## C. Revised Calculations

| Attorney | Rate Requested | Rate Awarded | Hours Billed | Hours Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Dale K. Galipo | $1,300 | $1,250 | 472 | 472 | $613,600 | $590,000 |
| Hang D. Le | $700 | $650 | 244.5 | 244.5 – 1.1 – 4.6 = **238.8** | $171,150 | $155,220 |
| Ranhee Lee | $475 | $425 | 7.7 | 7.7 | $3,657.50 | $3,272.50 |
| Benjamin S. Levine | $400 | $300 | 72.7 | 72.7 – 43.6 = **29.1** | $29,080 | $8,730 |
| Cooper Alison-Mayne | $400 | $300 | 12.2 | **12.2** | $4,880 | $3,660 |
| Christian F. Pereira | $750 | $750 | 591.8 | 591.8 – 1.5 – 2 = **588.3** | $443,850 | $441,225 |
| Melissa Fulgencio | $525 | $500 | 146.6 | 146.6 – 1.8 = **144.8** | $76,965 | $72,400 |
| Ian A. Cuthbertson[5] | $225 | $200 | 63.1 | **63.1** | $14,197.50 | $12,620 |
| Ian A. Cuthbertson | $425 | $400 | 286.6 | 286.6 - 1.9[6] - 36.75 = **248** | $121,805 | $99,200 |
| Christopher Markarian | $450 | $450 | 87.75 | 87.75 – 17.55[7] = **70.2** | $39,487.50 | $31,590 |
| Karen Slyapich | $225 | $225 | 48.4 | 48.4 – 1.8[8] = **46.6** | $10,890 | $10,485 |

TOTAL = **$1,428,402.50**

---

[5] Mr. Cuthbertson performed work in this case both as a Legal Assistant in 2018–19 and as an attorney from 2019–2023. *See* MAF at 27; Cuthbertson Decl. ¶ 16.

[6] This figure is the Court's calculation of 10% of Cuthbertson's block-billed time on those dates, *see supra*.

[7] This figure is the Court's calculation of 20% of Markarian's time billed, *see supra*.

[8] This figure is the Court's calculation of 10% of Slyapich's block-billed time on those dates, *see supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-762-DMG (SPx) | Date | March 29, 2024 |
| Title | *The Estate of Clemente Najera Aguirre, et al. v. County of Riverside, et al.* | Page | 13 of 13 |

The Court will also award the **$9,350** billed by Plaintiffs for litigation of this fees motion, bringing Plaintiffs' total award to **$1,437,752.50.**

### III.
### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion for attorneys' fees, subject to the Court's modifications set forth in this Order, for a total attorneys' fees award of **$1,437,752.50.**

**IT IS SO ORDERED.**