**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**BRIANA KIM, PC**
Christian F. Pereira, SBN 251599
christian@lawcfp.com
Ian A. Cuthbertson, SBN 325591
ian@lawcfp.com
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802
T: 714-482-6301
F: 714-482-6302

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, and J.S., A.S., Y.S., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE, DAN PONDER and DOES 2 through 10, inclusive, <br><br> Defendants. | Case No. 5:18-cv-00762-DMG-SP <br><br> *Honorable Dolly M. Gee* <br> *Hon. Mag. Sheri Pym* <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES ON APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Declarations of Dale K. Galipo; Hang D. Le; Benjamine S. Levine and exhibits thereto; and [Proposed] Order *filed concurrently herewith* <br><br> Date: May 9, 2025 <br> Time: 9:30 a.m. <br> Crtrm: 8C |

1  <u>**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR**</u>
2  <u>**ATTORNEYS OF RECORD:**</u>

3      **PLEASE TAKE NOTICE** that on May 9, 2025, at 9:30 a.m. or as soon
4  thereafter as is practicable for this Honorable Court, located at 350 West 1st Street,
5  Los Angeles, CA, 90012, Courtroom 8C, Plaintiffs Julio Najera-Salgado, Alejandro
6  Najera-Salgado, and Y.S. will and hereby do move this Court for an Order awarding
7  reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988 in the lodestar
8  amount of at least **$181,115**.  In addition to requesting compensation for their time
9  spent responding to the appeal filed by Defendant Dan Ponder, Plaintiffs are also
10  requesting compensation for their counsel's time necessarily spent in drafting this
11  motion and the anticipated reply brief. This Motion is based on grounds that the
12  Plaintiffs were the prevailing party on their Fourth Amendment civil rights claim
13  and are entitled to statutory attorneys' fees as a matter of law.

14      <u>**Statement of Meet and Confer Compliance**</u>: Plaintiffs' counsel was unable
15  to meaningfully confer with Defendant's counsel prior to the filing of this motion.
16  The Ninth Circuit issued its opinion affirming the Court's denial of Defendant's
17  Rule 50(b) Motion and entry of judgment on March 11, 2025. Under Circuit Rule
18  39-1.6(a), Plaintiffs' fee request is due in the Ninth Circuit fourteen (14) days after
19  the expiration of the deadline to file any petition for rehearing or rehearing en banc,
20  which is April 8, 2025. Circuit Rule 39-1.8 also provides: "[a]ny party who is or
21  may be eligible for attorneys fees on appeal to this Court may, within the time
22  permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys
23  fees on appeal to the district court…from which the appeal was taken." On April 3,
24  2025, Plaintiffs filed a Motion to Transfer Consideration of Attorneys' Fees on
25  Appeal to the District Court and to Extend Time to File Motion for Attorneys' Fees
26  with the Ninth Circuit. On April 8, 2025, the Ninth Circuit issued an Order granting
27  Plaintiffs' motion to transfer consideration of attorneys' fees on appeal to the district
28  court but denying Plaintiffs' motion for an extension of time to file "a motion for

attorneys' fees in this court as moot." It is unclear from the order how transferring the consideration of attorneys' fees to the district court affects the deadline to file the motion for attorneys fees and whether the transfer extends the deadline to file under Circuit Rule 39-1.6(a). Accordingly, out of an abundance of caution, Plaintiffs are filing their Motion for Attorneys' Fees on Appeal on the original filing deadline of April 8, 2025. Due to the unexpected transfer and timeline, Plaintiffs were unable to meet the meet and confer requirements under Local Rule 7-3.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed declarations, the attached exhibits, the pleadings on file herein, and such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

DATED: April 8, 2025          LAW OFFICES OF DALE K. GALIPO


                              By _____ /s/ Hang D. Le _____
                                 Dale K. Galipo
                                 Hang D. Le
                                 Attorneys for Plaintiffs

# I.    __INTRODUCTION__

This 42 U.S.C. § 1983 civil rights action arose from the officer-involved shooting death of Clemente Najera-Aguirre ("Najera") on April 15, 2016 by County of Riverside Sheriff's Deputy Dan Ponder ("Defendant" or "Ponder"). Plaintiffs Julio Najera-Salgado, Alejandro Najera-Salgado, and Y.S. ("Plaintiffs") brought this action in the United States District Court for the Central District of California, contending that Ponder used excessive force when he shot and killed Najera. On April 26, 2023, a jury returned a verdict against Ponder and in favor of Plaintiffs on Plaintiffs' Fourth Amendment claim for excessive force that resulted in their father's death. The jury awarded Plaintiffs damages totaling $10,000,0000.

Ponder subsequently filed a Rule 50(b) Motion, seeking in part, qualified immunity for his use of force. After this Court denied Ponder's Rule 50(b) Motion, Ponder appealed the Court's denial of qualified immunity. In a published opinion on March 11, 2025, a three-judge panel affirmed the Court's denial of qualified immunity and entered judgment. Under Circuit Rule 39-1.6(a), Plaintiffs' fee request is due in the Ninth Circuit fourteen (14) days after the expiration of the deadline to file any petition for rehearing or rehearing en banc, which is April 8, 2025. Circuit Rule 39-1.8 also provides: "[a]ny party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court…from which the appeal was taken." On April 3, 2025, Plaintiffs filed a Motion to Transfer Consideration of Attorneys' Fees on Appeal to the District Court and to Extend Time to File Motion for Attorneys' Fees with the Ninth Circuit. On April 8, 2025, the Ninth Circuit issued an Order granting Plaintiffs' motion to transfer consideration of attorneys' fees on appeal to the district court but denying Plaintiffs' motion for an extension of time to file a motion for attorneys' fees as moot. Thus, out of an abundance of caution, Plaintiffs now move for an award of

1  attorneys' fees for the successful defense on appeal of the Court's judgment on the

2  merits.

## II.    <u>PROCEDURAL HISTORY</u>

4        This case was extensively litigated. On October 4, 2019, Defendants County

5  of Riverside and Ponder filed a Motion for Summary Judgment on all claims. On

6  November 15, 2019, the district court entered an order denying Defendants' Motion

7  for Summary Judgment in part, specifically denying Ponder's request for qualified

8  immunity based on his use of deadly force against Najera. Ponder subsequently filed

9  an interlocutory appeal based on the Court's denial of qualified immunity. On

10  March 24, 2022, a three-judge panel of the Ninth Circuit issued a published opinion,

11  unanimously affirming the Court's denial of qualified immunity at the summary

12  judgment stage, determining that "[c]ritical disputes of fact render summary

13  judgment premature." *Estate of Aguirre v. Cnty. of Riverside*, 29 F.4th 624, 630 (9th

14  Cir. 2022).

15        The case proceeded to trial on April 20, 2023. On April 25, 2023, Ponder

16  filed a Rule 50(a) motion, arguing that Plaintiffs failed to present sufficient evidence

17  to support their Fourth Amendment claim of excessive force and claim for punitive

18  damages against Ponder. The Court denied Ponder's Rule 50(a) motion, finding that

19  there were multiple triable issues in the case. On April 26, 2023, the jury returned a

20  general verdict in favor of Plaintiffs on their Section 1983 claim for excessive force

21  in violation of the Fourth Amendment and awarded Plaintiffs $10 million in

22  damages. (*See* Dkt. No. 211.) On May 10, 2023, the district court entered judgment

23  in favor of Plaintiffs and against Ponder, consistent with the jury's verdict, and for

24  reasonable attorney fees as the prevailing parties. (*See* Dkt. No. 217.)

25        Ponder subsequently filed a Rule 50(b) "Renewed Motion for Judgment as a

26  Matter of Law" and Plaintiffs timely opposed. (*See* Dkt. Nos. 223, 229.) The Court

27  denied Ponder's Rule 50(b) Motion, finding that there was sufficient evidence for

28  the jury to conclude that Ponder used deadly force without adequate cause and in

violation of the Fourth Amendment, and that under the facts as found by the jury, Ponder was not entitled to qualified immunity. (*See* Dkt. No. 244.) Ponder appealed the district court's denial of qualified immunity.

As the prevailing parties, Plaintiffs then filed a Motion for Attorneys' Fees with the district court on June 30, 2023, seeking reasonable attorneys' fees pursuant to U.S.C. § 1988. (*See* Dkt. No 233). Ponder opposed Plaintiffs' Motion for Attorneys' Fees. (*See* Dkt. No. 235). On March 29, 2024, the Court issued an order awarding Plaintiffs $1,437,752.50 in attorneys' fees ("Attorneys' Fees Order"). *See Est. of Aguirre v. Cnty. of Riverside*, No. CV 18-762-DMG (SPX), 2024 WL 2107727, at *1 (C.D. Cal. Mar. 29, 2024). In the Attorneys' Fees Order, the Court made findings regarding the reasonable hourly rates for Plaintiffs' counsel and the reasonableness of the hours expended on litigation. *Id.* at *3-7. Ponder did not appeal the Court's Attorneys' Fees Order.

## III.  <u>LEGAL STANDARD</u>

"As parties who have succeeded on significant issues on this appeal, [Plaintiffs] are entitled to attorneys' fees under 42 U.S.C. section 1988." *Larez v. City of Los Angeles*, 946 F.2d 630, 649 (9th Cir. 1991). A prevailing plaintiff's fee award is presumptively reasonable under the lodestar method—"the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotation marks and citations omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market

rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

As the Supreme Court has held, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," which "encompass[es] all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. The relevant inquiry is whether "the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and he might not have, had he been more of a slacker." *Id.* at 1112. "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Id.* at 1116.

IV.    **ARGUMENT**

A. Plaintiffs Should Receive a Fully Compensatory Attorneys' Fee Award for Obtaining Excellent Results

This Court previously held that Plaintiffs were entitled to reasonable attorneys' fees as prevailing parties, in connection with Plaintiffs' June 2023 fee motion, with this Court granted in March 2024. Since then, Plaintiffs have successfully defended the judgment on appeal, initiated by Defendant Ponder, resulting in a Ninth Circuit published opinion affirming the judgment in full. "If a party meets with total success on appeal, it is proper to award full attorneys' fees." *Corder v. Brown*, 25 F.3d 833, 840-41 (9th Cir. 1994). Here, Plaintiffs successfully defended the judgment in full on appeal. Accordingly, Plaintiffs' attorneys should be fully compensated for obtaining excellent results.

B. The Hourly Rates of Plaintiffs' Attorneys are Reasonable

Plaintiffs seek the following minimum hourly rates: $1250 for Mr. Galipo, $650 for Ms. Le, and $300 for Mr. Levine. These are the hourly rates that this Court

previously determined were reasonable for these respective attorneys, based on the
favorable outcome of the case and their relevant experience, skill, and in Mr.
Galipo's case—reputation as an extremely accomplished civil rights practitioner.
*See Est. of Aguirre*, 2024 WL 2107727 at *3-5. However, Plaintiffs contend that
these hourly rates were awarded when Plaintiffs' attorneys had two years' less
experience and performed dissimilar tasks are of limited value when determining
their reasonable 2024 rates for these appellate proceedings.

The Ninth Circuit has repeatedly held that "in determining the prevailing
market rate a district court abuses its discretion to the extent it relies on cases
decided years before the attorneys actually rendered their services." *Camacho*, 523
F.3d at 981; *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1045 (9th Cir. 2016) (reversing
because "the court simply re-invoked the 2015 rates and added a $30 enhancement,
without discussion of why the 2015 rates are an appropriate anchor or why an
increase in $30 is reasonable"); *Moreno*, 534 F.3d at 1115  ("If the lodestar leads to
an hourly rate that is higher than past practice, the court must award that rate . . . .");
*Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (2019) ("Examining prior fee
awards to Holcomb and Beck in the district was not an acceptable substitute for
considering the declarations submitted by Holcomb, and explaining why those
declarations did or did not establish the prevailing hourly rate in the district.").
Courts also appropriately recognize that rates, and inflation, increase over time.
*Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07–1512
ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) (approving as
reasonable an approximate 10 percent increase between 2011 rates and 2012 rates
and because "[i]t is common practice for attorneys to periodically increase their
rates for various reasons, such as to account for expertise gained over time, or to
keep up with the increasing cost of maintaining a practice"). Thus, Plaintiffs contend
that accounting for the experience gained, tasks performed on appeal, and inflation,
Plaintiffs' attorneys should be awarded the within the following range of hourly

rates: $1,250 to $1,450 for Mr. Galipo, $650 to $750 for Ms. Le, and $300 to $450
for Mr. Levine. Plaintiffs further discuss the bases for Plaintiffs' attorneys' hourly
rates below.

#### i.  Dale K. Galipo

Mr. Galipo has spent the majority of his career litigating civil rights cases;
thus, Mr. Galipo's requested hourly rate of $1,250 to $1,400 is well-within the
reasonable range of billing rates for civil rights attorneys in Los Angeles with
comparable skill and experience. Mr. Galipo graduated with a B.B.A. from the
University of Michigan in 1981. Galipo Decl. ¶ 3. He attended law school at UCLA
from 1981 to 1984. Id. Since 1991, he has managed his own law firm specializing in
major personal injury and wrongful death cases and criminal defense. His practice
grew to specialize in serious police excessive force resulting in serious injury and
death. *Id.* ¶ 4.

In 2012, Mr. Galipo received the Defender of the Constitution Award from
the Inland Empire Chamber of the Federal Bar Association. *Id.* ¶ 5. From 2017 to
2025, Mr. Galipo prevailed in thirty (30) jury trials. *Id.* ¶ 18. Nearly all of the jury
trials were civil rights cases. *Id.* ¶ 18. In approximately the last twelve years, Mr.
Galipo has had approximately fifteen published opinions in civil rights cases, and
has argued numerous appellate cases before the Ninth Circuit. *Id.* ¶ 26. In 2019, Mr.
Galipo was elected to the American College of Trial Lawyers. *Id.* ¶ 9. He was also
elected to the Inner Circle of Advocates, which is limited to one hundred members
nationwide, representing some of the top plaintiff's attorneys in the country. *Id.* ¶ 8.
Further in 2019, Mr. Galipo was chosen by UCLA School of Law to give the Irving
H. Green Memorial Lecture to students and faculty. *Id.* ¶ 10.  Past attorneys who
have been honored with this recognition include Johnnie Cochran, Jr. *Id.* Mr. Galipo
has also been invited to speak to the law students at UC Irvine and UCLA on several
occasions. *Id.* ¶ 14. In 2020, Mr. Galipo was recognized as both CAALA Trial
Lawyer of the Year and CAOC Consumer Attorney of the Year.  *Id.* ¶¶ 11, 12.

1    Courts within the Central District of California have consistently recognized

2    Mr. Galipo as one of the top civil rights attorneys in the area of police misconduct in

3    Los Angeles. *See, e.g., Zelaya v. City of Los Angeles*, No. 2:20-CV-08382-ODW

4    (MAAX), 2024 WL 3183882, at *3 (C.D. Cal. June 25, 2024) ("The Court agrees

5    that Mr. Galipo is unquestionably at the top of his field and finds Mr. Galipo's

6    requested rate [of $1,300] is appropriate given his 'experience, skill, and

7    reputation.'"); *Valenzuela v. City of Anaheim*, No. SACV1700278CJCDFMX, 2023

8    WL 2249178, at *3 (C.D. Cal. Feb. 23, 2023) ("The Court found that a $1,200

9    hourly rate, although high, was reasonable for Mr. Galipo's work over the past three

10   years, pointing to Mr. Galipo's strong reputation with the legal community, his

11   continued consistent record of success with over $85 million in recovery in civil

12   rights cases since 2019, and multiple courts that awarded him $1,100 hourly rates as

13   early as 2020."); *Craig v. Cnty. of Orange*, Case No. SACV 17-00491-CJC (KESx),

14   Dkt. 280, at 5-6 (awarding Mr. Galipo an hourly rate of $1,200 because "[w]hen it

15   comes to police excessive force cases, Mr. Galipo continues to be without question

16   at the top of his field."); *Donastorg v. City of Ontario*, Case No. EDCV 18-992 JGB

17   (SPx), 2021 WL 6103545, at *8 (C.D. Cal. Sept. 23, 2021) ("The Court agrees with

18   the courts that have recognized that, when it comes to police excessive force cases

19   in Los Angeles, Mr. Galipo is without question at the top of his field.") (cleaned up).

20   Mr. Galipo is considered to be one of the top civil rights attorneys in the state and

21   country. Le Decl. ¶ 6. He has gone to trial and won more cases against the police for

22   excessive force than any attorney in the country. Le Decl. ¶ 6. Accordingly, Mr.

23   Galipo's requested hourly rate of $1,250 to $1,400 is reasonable for an attorney with

24   his experience, skill, expertise, and reputation. Galipo Decl. ¶¶ 27, 29.

25          *ii.  Hang D. Le*

26          Ms. Le graduated from the University of Southern California Gould School of

27   Law in May 2013. Le Decl. ¶ 4. In May 2014, Ms. Le joined the Law Offices of

28   Dale K. Galipo, where she currently works as a senior associate attorney. *Id.* ¶ 6.

Since joining Mr. Galipo's firm, she has worked almost exclusively on 42 U.S.C § 1983 civil rights cases involving police excessive force. *Id.* Ms. Le is the primary associate attorney at Mr. Galipo's office assigned to this case and was responsible for the case's day-to-day management. *Id.* Over the past ten years as a civil rights attorney, Ms. Le has managed numerous civil rights cases that resulted in multi-million-dollar verdicts and settlements. *Id.* ¶¶ 8-9. Ms. Le was selected to the "Southern California Rising Stars" list in the field of civil rights in 2022 and 2023 and was selected as a "Super Lawyer" in the field of civil rights in 2024 and 2025. *Id.* ¶¶ 11. In 2021, Ms. Le was awarded an hourly rate of $550. *See Donastorg*, 2021 WL 6103545, at *9. Accordingly, Ms. Le's requested hourly rate of $650 to $750 is a reasonable rate for an attorney with her experience, skill, and expertise. Le Decl. ¶ 12; *see* Galipo Decl. ¶ 31; ex. 10 to Galipo Decl. at 7 (awarding Ms. Le's colleagues of comparable experience $800 per hour in 2024); *Zelaya*, 2024 WL 3183882, at *3 (awarding Ms. Le's colleague of comparable experience $700 per hour in 2024) ; *French v. City of Los Angeles*, Case No. EDCV 20-00416 JGB (SPx), 2022 WL 2189649, at *19 (C.D. Cal. May 10, 2022) (awarding Ms. Le's colleagues of comparable experience $600-$700 per hour in 2022).

### iii. Benjamin S. Levine

Mr. Levine graduated from UCLA School of Law in 2021. Levine Decl. ¶ 5. Mr. Levine graduated in the top 5% of his class and was inducted into the Order of the Coif and UCLA Law's Moot Court Honors Society. *Id.* At graduation, Mr. Levine was awarded the Judge Perry Pacht Memorial Constitutional Law Prize, recognizing one graduating student each year for outstanding achievement in the area constitutional law. *Id.* While in law school, Mr. Levine heavily focused his work and study on § 1983 litigation, in particular litigation focused on police violence, and gained relevant experience through multiple internships, including with the ACLU of Southern California's Police Practices Project and through UCLA Law's Civil Rights and Police Accountability Clinic. *Id.*

1    After law school, Mr. Levine served as a law clerk to United States District

2    Judge William B. Shubb, in the United States District Court for the Eastern District

3    of California, in Sacramento. *Id.* ¶ 7. As a law clerk, Mr. Levine assisted Judge

4    Schubb with a variety of matters in civil and criminal cases, including a substantial

5    number of § 1983 actions, with a primary focus on legal research and writing tasks.

6    Id. After his clerkship, Mr. Levine joined the Law Offices of Dale K. Galipo in

7    October 2022. *Id.* ¶ 8. Since joining the firm, Mr. Levine has worked exclusively on

8    civil rights litigation and assisted in a number of cases that have resulted in multi-

9    million-dollar settlements. *See id.* ¶¶ 8-9. In June 2024, a court in this district

10   awarded Mr. Levine an hourly rate of $450 an hour. *Zelaya*, 2024 WL 3183882, at

11   *4. Accordingly, Mr. Levine's requested hourly rate of $300 to $450 is a reasonable

12   rate for an attorney with his experience, skill, and expertise. *Id.* ¶ 17; see Galipo

13   Decl. ¶ 31

14         C. <u>The Time Billed Was Reasonably Expended</u>

15   As set forth in the various declarations of counsel, and as is evidence from the

16   briefs and argument before the Ninth Circuit, the appellate proceedings in this case

17   were time-consuming. Plaintiffs' attorneys contemporaneously tracked their time,

18   exercised billing judgment, and did not include time that was inefficient, redundant,

19   or would not be charged to a private client.

20         Plaintiffs' counsel staffed the appeal in an extremely efficient manner. Ms. Le

21   had the primary responsibility of preparing the Answering Brief and presenting the

22   factual and legal issues in persuasive written form—conducting legal research,

23   outlining, drafting, revising, and preparing for filing. Le Decl. ¶ 12. Ms. Le also

24   prepared the various ancillary motions before the Ninth Circuit and prepared this fee

25   motion. *Id.* Mr. Galipo provided valuable feedback during the preparation of the

26   Answering Brief. *Id.* After Defendant filed his Reply Brief, Mr. Levine conducted

27   further legal research on new issues brought up in the Reply Brief. *Id.*

28

Mr. Galipo had the primary responsibility of preparing for and delivering oral argument before the Ninth Circuit panel, which included reviewing the record and anticipating likely questions and potential responses. Galipo Decl. ¶ 27. Ms. Le and Mr. Levine provided valuable assistance regarding oral argument preparation. *Id.* Plaintiffs' counsel made sure that Mr. Galipo was prepared to effectively and efficiently present argument on multiple factual and legal issues. *Id.* These efforts resulted in a complete affirmance of the Court's denial of Ponder's Rule 50(b) Motion and judgment in favor of Plaintiffs in a unanimous, published opinion. *Id.*

Each of the tasks performed by Plaintiffs' attorneys was reasonably performed in furtherance of the outstanding result on appeal. Accordingly, the hours were reasonably expended in light of Plaintiffs' total success on appeal. Plaintiffs further seek attorneys' fees for the time spent in establishing their right to attorneys' fees in the amount requested. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). After completing their Reply memorandum, Plaintiffs will file supplemental declarations setting forth all the time reasonably expended in the preparation of this Motion and any Reply memorandum.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' Motion for Attorneys' Fees on Appeal in its entirety and award Plaintiffs at least the minimum amount of their requested attorneys' fees as follows:

| Attorney | Min. Rate | Hours | Min. Total |
|---|---|---|---|
| Dale K. Galipo | $1250 | 113.2 | $141,500 |
| Hang D. Le | $650 | 53.1 | $34,515 |
| Benjamin S. Levine | $300 | 17.0 | $5,100 |
| | | **MINIMUM TOTAL:** | $181,115 |

//

1  | Respectfully submitted,

2

3  | DATED: April 8, 2025           LAW OFFICES OF DALE K. GALIPO

4

5  |                               By_____/s/ Hang D. Le_____
6  |                                  Dale K. Galipo
   |                                  Hang D. Le
7  |                                  Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28