**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**BRIANA KIM, PC**
Christian F. Pereira, SBN 251599
christian@lawcfp.com
Ian A. Cuthbertson, SBN 325591
ian@lawcfp.com
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802
T: 714-482-6301
F: 714-482-6302

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, and J.S., A.S., Y.S., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE, DAN PONDER and DOES 2 through 10, inclusive, <br><br> Defendants. | Case No. 5:18-cv-00762-DMG-SP <br><br> *Honorable Dolly M. Gee* <br> *Hon. Mag. Sheri Pym* <br><br> **DECLARATION OF DALE K. GALIPO IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES ON APPEAL** <br><br> [*Notice of Motion and Motion; Declaration and exhibits thereto filed concurrently*] |

# DECLARATION OF DALE K. GALIPO

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California and before all courts in the state of California. I was the lead trial counsel for Plaintiffs in this instant action. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees on Appeal pursuant to 42 U.S.C. § 1988. I have personal knowledge of the matters stated herein and could and would testify competently thereto if called.

2. I have maintained contemporaneous time records reflecting the work, activity and time spent on this case. I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. To date, I have spent 113.2 hours on this matter. A copy of my time records for this case is attached hereto as **"Exhibit 1."**

3. I graduated with a B.B.A. from the University of Michigan in Ann Arbor, Michigan in 1981. I attended law school at UCLA from 1981 to 1984.

4. Since 1991, I have managed my own law firm originally specializing in personal injury and criminal defense. Due to my experience in personal injury law and criminal defense law, and my significant trial experience, prosecuting civil rights actions involving police misconduct causing serious injury or death was a natural transition for me. I have specialized in handling police misconduct civil rights litigation for over twenty years, and I take on very difficult liability cases that require extensive expertise in this area of law.

5. I have obtained numerous recognitions for my work in civil rights, including receiving the Defender of the Constitution Award in 2012 from the Inland Empire Chamber of the Federal Bar Association. Other recipients of the award include Judge Virginia A. Phillips and Judge Terry J. Hatter.

6. I have also been elected as a "Super Lawyer" every year since the year 2013.

7. In 2018, I was contacted by associate professor Dennis Cota, who has become a Magistrate Judge in Redlands, California, and was honored to have the Top Trial Advocacy Award for the Martin Luther King, Jr. Moot Court Competition to be given in my name.

8. In 2019, I was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. I am currently an active member of the Inner Circle. There are only approximately fourteen active members in the entire state of California, including such prominent plaintiff attorneys as Bruce Broillet, Brown Greene, Lawrence Grassini, and Brian Panish.

9. Also in 2019, I was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America, dedicated to maintaining and improving the standards of trial practice, professionalism, ethics, and the administration of justice.

10. I was chosen by UCLA School of Law to give the Irving H. Green Memorial Lecture to students and faculty in 2019. Irving H. Green was a much-honored trial attorney known for representing the underdog in courts across the county. In honor of his memory, the Green family created a program designed to bring outstanding trial lawyers to inspire law students and engage in an exchange with them. Past attorneys who have been honored with this recognition include Johnnie Cochran, Jr.

11. In 2020, I received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Prior to being awarded CAALA Trial Lawyer of the Year 2020, I was recognized by CAALA in 2018 and 2019 for my trial successes and nominated for Trial Lawyer of the Year in each of those years in which I finished as runner up.

12. Also in 2020, I received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

13. CAALA selected me to speak on the Masters' Panel in August 2019, in recognition of my skill and accomplishments as a trial attorney. There were approximately eight hundred attorneys present for the presentation, which took place in Las Vegas, Nevada at the CAALA annual convention. I also recently taught at the CAALA 2023 Plaintiffs Trial Academy from June 5 to June 7, 2023, and I spoke on jury selection at the CAALA conference in Las Vegas on September 1, 2023.

14. I have been invited to speak to the law students at UCLA and UC Irvine on several occasions, and I have also spoken to students at Cal. State Dominguez. I have been asked to speak at seminars and webinars on several occasions on various topics of civil rights litigation. I am routinely called for consultation by various civil rights attorneys throughout the state and country with regard to my opinions and input on civil rights cases.

15. In May, 2023, I taught a course for twelve hours over two days to a group of civil rights attorneys regarding litigating a civil rights case through trial.

16. I have tried well in excess of one hundred civil cases through verdict. I have won the majority of my civil jury trials and I have had numerous seven and eight-figure verdicts. I am listing here some of my most notable trial successes in civil rights cases between approximately 2011 and 2016, and I am separately listing below the jury verdicts and trial successes I have more recently received within approximately the last six years. Most of my cases settle, and these jury verdicts are on my most difficult cases, where there was little to no offer. Some of my jury verdicts and trial successes between approximately 2011 and 2016 include:

- $1.1 million jury verdict in *Gilbert v. City of Los Angeles* (false arrest) (January 2011)
- $2 million jury verdict in *Nash v. City of San Bernardino* (excessive force) (April 2011);
- $4.5 million jury verdict in *Cotton v. City of Eureka* (excessive force) (September 2011);
- $3.2 million jury verdict in *P.C. v. City of Los Angeles* (excessive force) (April 2012);
- $5.7 million jury verdict in *Contreras v. City of Los Angeles* (2011);
- $6.5 million jury verdict in *R.S. v. City of Long Beach* (police shooting) (April 2013);
- $8.825 million jury verdict in *Simplis v. Culver City* (police shooting) (May 2013);
- $1 million jury verdict in *Salinas v. City of San Jose* (June 2013);
- $2 million jury verdict in *Gutierrez v. County of Los Angeles* (police shooting) (October 2013);
- $7.81 million jury verdict in *Howard v. County of Riverside* (police shooting resulting in paralysis) (June 2014);
- $1 million jury verdict in *Munoz v. County of Riverside* (police shooting) (August 2014);
- $2.925 million jury verdict in *Ramirez v. City of Oxnard* (excessive force and denial of medical care) (June 2015);
- $4.9 million settlement during trial in *Thomas v. City of Fullerton* (excessive force) (October 2015)

17. I tried the case *Ramirez v. City of Oxnard* in 2015, referenced above, in federal court before the Honorable Michael Fitzgerald. In that case, there was no offer of settlement and cause of death was highly disputed. The decedent

swallowed an eight ball of methamphetamine before the police responded. Plaintiffs contended the decedent died of restraint asphyxia due to improper and excessive police restraint. The defense argued that the restraint was not excessive, and that death was caused by drug intoxication. Following the $2.925 million-dollar jury verdict, back in 2015, Judge Fitzgerald awarded me $900 per hour in the related attorney fee motion under 42 U.S.C. § 1988.

18. In addition to the above-listed verdicts, in the approximate last six years, I have prevailed in approximately thirty jury trials. Twenty-eight of the jury trials were civil rights cases. Two of the trials were criminal cases in which there was a related civil rights case where the plaintiff was shot by the police and then charged with various crimes, including assault with a deadly weapon and resisting by force. The majority of my cases settle, and it should be noted that in the majority of my trial success, there was little to no offer of settlement prior to trial. In other words, the following jury verdicts were achieved in some of my most difficult cases. My specific trial successes in approximately the last six years include:

(1) $3.05 million jury verdict in *Amaya v. County of Los Angeles* (police shooting, no offer) (May 2017);

(2) $2.5 million jury verdict in *Borges v Humboldt County* (denial of medical care, no offer) (August 2017);

(3) $6.5 million jury verdict in *Rose v. County of Sacramento* (police shooting, no offer) (September 2017);

(4) $3.5 million jury verdict in *Herrera v. City of Los Angeles* (police shooting, no offer) (October 2017);

(5) $200,000 ($1.755 million settlement with statutory fees) jury verdict after re-trial in *Huizar v. City of Anaheim* (police shooting, no offer) (October 2017);

(6) $350,000 settlement during trial in *Lopez v. City of Inglewood* (police excessive force) (January 2018)

(7) $5.5 million jury verdict in *Mears v. City of Los Angeles* (excessive force/taser-related death, no offer) (October 2017);

(8) Criminal case of *People v. Fajardo*, charged with five (5) felony counts and received a hung jury (6-6) on all felony counts. All felony counts were thereafter dismissed. (January/February 2018);

(9) $1.45 million settlement following jury verdict on liability in *Hernandez v. City of Los Angeles* (excessive force/restraint asphyxiation, no offer) (February 2018);

(10) $33.5 million jury verdict in *Archibald v. County of San Bernardino* (police shooting, no offer) (March 2018);

(11) Criminal case of *People v. Juarez* (eighteen (18) acquittals, convicted on only one felony and one misdemeanor) (January/February 2019);

(12) $4.75 million verdict in the *Estate of Casimero Casillas v. City of Fresno* (police shooting, offer of $50,000) (March 2019);

(13) $3.4 million jury verdict in *Craig v. County of Orange* (police shooting, no offer) (April 2019);

(14) $3 million jury verdict in *Schroeder v. City of Rialto* (excessive force, offer of $50,000) (June 2019);

(15) $13.2 million jury verdict in *Valenzuela v. City of Anaheim* (excessive force/asphyxia) (December 2019);

(16) $4.5 million jury verdict in *L.D. v. City of Los Angeles* (excessive force/police shooting; no offer) (January 2020); and

(17) $500,000 jury verdict in *Donastorg v. City of Ontario* (excessive force) (June 2021)

(18) $1.77 jury verdict in *Bowles v. City of San Jose* (police shooting) (July 2021)

(19) $17,002,00 jury verdict in *French v. City of Los Angeles* (police shooting) (October 2021)

(20) $500,000 jury verdict in *Gomez v. City of Santa Clara* (police shooting) (December 2021)

(21) $4.5 million jury verdict in *Ramos v. County of San Bernardino* (police shooting) (April 2022)

(22) $2,165,000 jury verdict in *V.V. v. City of Los Angeles* (police shooting) (July 2022)

(23) $1,000,000 jury verdict (reduced by contributory fault) in *Weick v. County of San Diego* (police shooting) (November 2022)

(24) $1,165,000 settlement during trial in *Cooke v. City of Los Angeles* (police shooting) (November 2022)

(25) $7.5 million (reduced by contributory fault) in *Alves v. County of San Bernardino* (restraint death) (April 2023)

(26) $10 million jury verdict in *Najera v. County of Riverside* (police shooting) (April 2023)

(27) $23.8 million jury verdict in *Murillo v. City of Los Angeles* (police shooting) (August 2023)

(28) $13.5 million jury verdict in *Zelaya v. City of Los Angeles* (restraint death) (October 2023)

(29) $1.5 million jury verdict in *I.H. v. State of California* (police shooting) (October 2024)

(30) $30.5 million jury verdict in *Lewis v. Kern County* (police shooting) (March 2025)

19. I tried the case *L.D. v. City of Los Angeles*, referenced above, in federal court in January 2020 in front of the Honorable Philip Gutierrez. In that case, there was no offer of settlement. Plaintiffs contended that the individual defendant LAPD SWAT officers used beanbag shotguns, hot gas, and Tasers against the decedent, who was inside his own bedroom and committing no crime, eventually forcing the decedent out of the house, where he was fatally shot by a SWAT officer. The defense argued that the decedent refused to drop a pair of scissors and that the decedent injured an officer with the scissors immediately prior to the shooting. The jury awarded Plaintiffs a verdict of $4.5 million, and Judge Gutierrez awarded me an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988.

20. I tried the case *Donastorg v. City of Ontario*, also referenced above, in federal court in June 2021 before the Honorable Jesus G. Bernal. In that case, Plaintiff contended that City of Ontario police officers deployed Tasers, beanbag shotguns, hot gas, and a K9 against the Plaintiff who was unarmed inside his vehicle, boxed in between patrol cars and a bearcat. The defense argued that Plaintiff refused to comply with numerous commands, attempted to maneuver his vehicle around the patrol cars, striking several cars in the process, and grabbed the K9 and attempted to choke the K9 while using the dog as a shield. The jury awarded the plaintiff a verdict of $500,000. In ruling on Plaintiff's post-trial motion for attorney's fees brought pursuant to 42 U.S.C. § 1988, Judge Bernal awarded me $1,100 per hour.

21. I tried the *French v. City of Los Angeles* case, also referenced above, in October 2021 in federal court before the Honorable Jesus G. Bernal. This was a legally complex case in which the City of Los Angeles contended that the shooting officer was not acting under color of law or in the course and scope of his employment with the City at the time of the shooting. The City of Los Angeles

made no settlement offer and filed numerous dispositive motions in an attempt to preclude plaintiffs from having their day in court. The plaintiffs prevailed and obtained a $17,002,000 jury verdict award. In ruling on plaintiffs' post-trial motion for attorney's fees brought pursuant to 42 U.S.C. § 1988, Judge Bernal awarded me $1,100 per hour and applied a 1.5 multiplier.

22. I tried the case *Craig v. County of Orange*, also referenced above, in April of 2019 in federal court before the Honorable Cormac J. Carney. In that case, there was no offer of settlement, and the facts of the case were highly disputed. Plaintiffs contended that the deputy shot and killed the unarmed decedent, who was lawfully seated in his car, and at most committed a misdemeanor. The defense argued that the decedent, who under the influence of a large amount of methamphetamine, failed to comply with commands, reached for a gun and was about to shoot the deputy defendant. The plaintiffs prevailed, obtaining a $3.4 million-dollar jury verdict. Judge Carney awarded me $1,000 per hour in the related attorney fee motion under 42 U.S.C. § 1988. The defendants then appealed to the Ninth Circuit, wherein the Ninth Circuit affirmed the jury verdict. Defendants then appealed to the Supreme Court but, after requesting a response to the petition, the Supreme Court denied certiorari. Judge Carney subsequently awarded me $1,200 per hour in the related attorney fee motion for all work done on the defendants' appeal to the Ninth Circuit and the Supreme Court.

23. In November 2019, I tried the case *Valenzuela v. City of Anaheim*, also referenced above, in federal court before the Honorable Cormac J. Carney. The plaintiffs contended that the officers asphyxiated the decedent by improperly applying a controversial air choke hold while decedent was not actively resisting and posed no threat. The defense argued that the decedent had a long history of drug abuse, had preexisting health issues, and was under the influence of

methamphetamine at the time of his encounter with law enforcement during which he refused to comply with officers' commands and exhibited "superhuman" strength. After the plaintiffs prevailed and was awarded a verdict of $13.2 million, the defendants appealed to the Ninth Circuit and subsequently to the Supreme Court. After the Supreme Court denied certiorari, Judge Carney awarded me $1,200 per hour, pursuant to a 42 U.S.C. § 1988 attorney's fees motion, for my work done in response to the defendants' appeal to the Ninth Circuit and the Supreme Court.

24. In October 2023, I tried the case *Zelaya v. City of Los Angeles*, also referenced above, in federal court before the Honorable Otis D. Wright. In that case, there was no offer and the case was highly disputed. The plaintiff contended that officers used unreasonably detained a homeless man and used excessive and unreasonable force in detaining him, applied excessive body weight while decedent was restrained in the prone positioned, and positionally asphyxiated him. The defense argued that decedent was under the influence of drugs and that the drugs in his system was the cause of his death. After plaintiff prevailed and was awarded a verdict of $13.5 million, Judge Wright awarded me $1,300 per hour, pursuant to a 42 U.S.C. § 1988 attorney's fee motion. Judge Wright also found that in light of the excellent results achieved, a lodestar enhancement was justified but declined to consider one because plaintiff did not specifically request one in her attorney's fee motion.

25. In January 2024, after successfully defending the appeal in front of the Ninth Circuit in the *French v. City of Los Angeles* case, in which defendants argued for a new trial based on the defendant officer's invocation of his Fifth amendment right to avoid self-incrimination, the plaintiffs filed for attorneys' fees on the appeal. On February 2024, Judge Bernal of the Central District of California awarded me $1,400 per hour.

26. In approximately the last twelve years, I have had approximately fifteen published opinions in civil rights cases, and I have argued numerous appellate cases before the Ninth Circuit Court of Appeals.

27. Based on the difficulty of this case and the skill, experience and ability necessary to prevail in this case, I believe an hourly attorney fee rate for my services under the circumstances should be **$1,250 to $1,400** per hour. I am respectfully requesting this hourly fee on the basis of my extensive trial experience, extensive experience in civil rights cases, my accomplishments in this case and other civil rights cases, and my previous awards of $1,300 per hour and $1,400 by the United States District Court.

28. I had the primary responsibility of preparing for and delivering oral argument before the Ninth Circuit panel, which included reviewing the record and anticipating likely questions and potential responses. Ms. Le and Mr. Levine provided valuable assistance regarding oral argument preparation. We made sure that I was prepared to effectively and efficiently present argument on multiple factual and legal issues. These efforts resulted in a complete affirmance of the Court's denial of Ponder's Rule 50(b) Motion and judgment in favor of Plaintiffs in a unanimous, published opinion.

29. Given that top litigators at top law firms are billing their clients between $1,200 to $1,800 per hour for trial work and preparation, I am respectfully requesting an hourly fee award of **$1,250 to $1,400** based on my trial experience and accomplishments as a civil rights attorney as a trial attorney in general. Given that I have had my own law firm for three decades and have tried well over 100 civil rights cases, I believe that I have more trial experience and expertise than most law firm partners. Considering that civil rights cases are thought to be the most difficult cases for plaintiffs to prevail on, and considering

that I have prevailed on more excessive force cases than probably anyone in the country, I believe **$1,250 to $1,400** per hour is an appropriate rate.

30. In addition to my work on this case, my senior associate Hang D. Le has managed and litigated this case for my office from April 2020 to the present. Since that time, she has handled the case with skill and diligence. Ms. Le has worked for my firm exclusively on civil rights cases in my office for over ten years. In that time, her excellent legal research and writing, as well as her attention to detail and diligence in the day-to-day management of approximately twenty cases per year, has resulted in numerous six, seven, and eight-figure settlements and jury verdicts for my clients. In my opinion, Ms. Le is a dedicated, reliable, and intelligent attorney. I am routinely contacted by other attorneys interested in civil rights litigation for advice, whom I refer to Ms. Le for her guidance and opinions in assisting colleagues to successfully litigate their cases. Many, if not all, of the attorneys seeking her consultation are many years her senior. Because of this, Ms. Le has developed a great reputation in the community. Given Ms. Le's experience and competency in civil rights litigation, I believe it would be appropriate to compensate Ms. Le's work at $650 to 750 per hour.

31. My associate Benjamin S. Levine has worked exclusively on civil rights cases at my firm since joining in October 2022. In my opinion, Mr. Levine is an intelligent and hardworking attorney with a promising future in the civil rights field. Mr. Levine was brought onto this case to assist during Ms. Le's leave, to help with trial preparation, and to serve as third chair at trial. Before joining my firm, Mr. Levine clerked for federal district court judge William B. Shubb in the United Stated District Court for the Eastern District of California. During law school, Mr. Levine heavily focused his work and study on § 1983 litigation, specifically police misconduct. Since joining my firm, Mr. Levine has proven

himself to be a diligent and fast learner, which contributed to Mr. Levine quickly becoming an associate I can rely on for excellent work. Based on Mr. Levine's experience, skills, and work on this case, I believe it would be appropriate to compensate Mr. Levine's work at $300 to $450 per hour.

32. My office takes all of our civil rights cases, including the present case, purely on a contingent fee basis, paying costs in advance, including considerable expert fees, and at considerable risk with the ultimate result open to question. Practicing in this area of law involves a great deal of risk as these cases are often subject to motions to dismiss, can be lost on the merits, or on appeal. The Law Offices of Dale K. Galipo takes these cases on a contingency basis despite the considerable expense involved, because of the critically important civil and human rights issues at stake. Few attorneys are willing to run such a risk of recovery in order to press for a victory for civil rights. My office has turned down cases that could potentially result in settlement or verdict for much higher amounts than our average verdict or settlement, specifically because those cases are not civil rights cases and detract from the time spent on these cases of vital importance to our nation. Upon first review of this case, I was aware of the difficulty, risk, and expense that would follow. Nevertheless, these are just the type of cases that my firm does not readily turn away—a testament that truly difficult cases such as this require truly dedicated and highly skilled representation.

33. For each of the reasons stated above and stated within Plaintiffs' motion for attorneys' fee filed concurrently herewith, I respectfully request an hourly rate of **$1,250 to $1,400**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this was executed this 8th day of April 2025 at Woodland Hills, California.

1
2
3    _____
          Dale K. Galipo
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DALE K. GALIPO