**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**BRIANA KIM, PC**
Christian F. Pereira, SBN 251599
christian@lawcfp.com
Ian A. Cuthbertson, SBN 325591
ian@lawcfp.com
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802
T: 714-482-6301
F: 714-482-6302

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, and J.S., A.S., Y.S.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, DAN PONDER and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 5:18-cv-00762-DMG-SP<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Sheri Pym*<br><br>**DECLARATION OF HANG D. LE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES ON APPEAL**<br><br>[*Notice of Motion and Motion; Declarations and exhibits thereto filed concurrently herewith*] |

# DECLARATION OF HANG D. LE

I, Hang D. Le, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, the Central District of California. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees on Appeal. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. I have maintained contemporaneous time records reflecting the work and time spent on this case. As of this date I have so far spent 53.1 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action. A copy of my time records for this case is attached hereto as "**Exhibit 2**." I intend to include the billable time spent in connection with any further work on this case in a supplemental declaration and accompanying exhibit after the completion of Plaintiffs' reply to the instant motion.

3. I personally performed the work attributed to me in my billing statement and can personally attest that the hours I spent on this case have been reasonable expended in pursuit of litigation. I have tracked my time spent in one-tenths of an hour increments. I have attempted to keep contemporaneous records relating to the billable time I spent working on this case. Any time that I did not contemporaneously record has been reconstructed from detailed documentation from the case file and my notes. I have exercised billing judgment in excluding unproductive time and time spent on administrative or clerical tasks. I have reduced or omitted time that would not ordinarily be charged to or paid by a fee-paying client.

4. In June 2010, I received my bachelor's degree in political science, with honors, from the University of California Irvine. In May 2013, I received my J.D. degree from the University of Southern California Gould School of Law. While in law school, I served on the editing board of the Southern California Review of Law and Social Justice for two years.

5. I was admitted to the California Bar in December 2013. I have been a practicing attorney for almost ten years. I am also admitted to practice in the United States District Court for the Eastern District of California, the United States District Court for the Southern District of California, and the Ninth Circuit Court of Appeals.

6. I joined Law Offices of Dale K. Galipo in May 2014, where I currently work as a senior associate attorney. Mr. Galipo is considered to be one of the top civil rights attorneys in the state and country. To my knowledge, Mr. Galipo has gone to trial and won more cases against the police for excessive force than any attorney in the country. Over the last nine years at the Law Offices of Dale K. Galipo, I have worked almost exclusively on 42 U.S.C. § 1983 civil rights cases involving police excessive force and has gained substantial experience in civil rights litigation in all aspects from pre-litigation through to trial. I am currently the primary associate attorney at my office responsible for the day-to-day management of approximately twenty federal and state civil rights cases. In most of these cases, the alleged civil rights violation resulted in death.

7. For each of the cases assigned to me, my responsibilities include: communicating with the client on an ongoing basis; drafting the requisite claim for damages pursuant to the California Tort Claims Act; drafting the complaint for damages and ensuring that it is timely filed in the proper jurisdiction and venue; investigating the case prior to the initiation of discovery; creating the discovery plan; propounding written discovery and meeting and conferring with opposing counsel regarding any discovery issues; handling all discovery disputes, including drafting motions to compel and oppositions thereto, drafting and responding to discovery dispute letter briefs and joint stipulations; examining the materials produced during discovery and evaluating the case; handling all law and motion matters, including determining whether an amended complaint must be filed and then drafting the amended complaint, opposing motions to dismiss and motions for

summary judgment and drafting affirmative motions for summary judgment; appearing at court hearings; retaining and consulting with experts; defending the depositions of plaintiff(s) and their experts; conducting depositions of percipient witnesses, police officers, and defense experts; and making court appearances. If the case goes to trial, I am also responsible for: drafting all pretrial documents and working with opposing counsel on the joint pretrial documents; assisting with trial preparation; serving as second or third chair to Mr. Galipo; and drafting and opposing post-trial motions. Where the case settles and involves a minor plaintiff, I am responsible for drafting the compromise of the claims of the minor plaintiff and handling the structured settlement. I am also responsible for handling any appellate issues on the cases assigned to me. I drafted the appellate briefs for the successful Ninth Circuit appeal in *Easley v. City of Riverside* (2019) and the successful opposition to the Ninth Circuit appeal in *Lawrence v. Bohanon* (2021) and *Najera-Aguirre v. County of Riverside* (2022, 2025).

8. Over the past ten years as a civil rights attorney, I have been the day-to-day managing attorney in cases with Mr. Galipo that have resulted in seven-figure verdicts and settlements, including the following:

- $1.5 million settlement in *Thomas v. County of San Bernardino* (pre-trial detainee failure to protect) (July 2016)
- $1.5 million settlement in *Morales v. City of Gardena* (police shooting) (May 2017)
- $2.6 million settlement in *Phillips v. County of San Bernardino* (police shooting) (May 2019)
- $2.9 million settlement in *Gibson v. City of Long Beach* (police shooting) (April 2019)
- $1.025 million settlement in *Lewis v. County of Los Angeles* (police shooting) (August 2019)

- $1.24 million settlement in *Easley v. City of Riverside* (police shooting) (October 2020)
- $1.5 million settlement in *S.A.C. v. County of San Diego* (police shooting) (October 2020)
- $1.6 million settlement in *M.A. v. County of San Bernardino* (police shooting) (July 2021)
- $3.5 million settlement in *Horton v. City of Santa Maria* (pre-trial detainee denial of medical care) (August 2021)
- $7.5 million settlement in *BAM v. City of Pasadena* (police shooting) (December 2021)
- $1 million jury verdict (with contributory fault) in *Weick v. County of San Diego* (police shooting) (November 2022)
- $4.5 million settlement in *Ainley v. City of South Lake Tahoe* (police shooting) (January 2023)
- $2.4 million settlement in *A.A.M. v. City of Sacramento* (police shooting) (March 2023)
- $7.5 million jury verdict (with contributory fault) in *Alves v. County of San Bernardino* (police excessive force) (April 2023)
- $1.7 million settlement in *Landeros v. City of Elk Grove* (police excessive force (August 2024)
- $1.5 million jury verdict in *I.H. v. State of California* (police shooting) (October 2024)

9. I was also the day-to-day managing attorney and second chair for two cases that resulted in eight-figure jury verdicts:

- $33.5 million jury verdict in *Archibald v. County of San Bernardino* (police shooting) (March 2018)
- $10 million jury verdict in *Najera v. County of Riverside* (police shooting) (April 2023)

10. In addition to the foregoing cases, I have also been the day-to-day managing attorney in numerous cases with Mr. Galipo that have resulted in substantial six-figure awards, including the following:

- $450,000 settlement in *Bonton v. City of Los Angeles* (police shooting) (October 2018)
- $250,000 settlement in *Tsipursky v. City of Long Beach* (city employee excessive force) (December 2019)
- $575,000 settlement in *J.G. v. City of Colton* (police shooting) (February 2020)
- $300,000 settlement in *Sprowl v. City of Barstow* (police shooting) (April 2020)
- $975,000 settlement in *Cruz v. City of Huntington Beach* (police shooting) (August 2020)
- $225,000 settlement in *Lopez v. City of Fontana* (police shooting) (November 2020)
- $999,999 settlement in *Salazar v. County of San Bernardino* (police excessive force, asphyxia) (March 2021)
- $500,000 jury verdict in *Donastorg v. City of Ontario* (police excessive force)
- $250,000 settlement in *Alvarado v. City of San Gabriel* (police shooting) (November 2022)
- $400,000 in *Hornshaw v. City of Long Beach* (police excessive force) (December 2022)
- $800,000 in *Elias v. City of Bell Gardens* (police shooting) (May 2023)
- $750,000 in *Tabares v. City of Huntington Beach* (police shooting) (June 2023)

- $500,000 in *Jones v. City of Riverside* (police shooting) (March 2024)
- $500,000 in *McLeod v. City of Redding* (police shooting) (October 2024)

11. I was selected to the "Southern California Rising Stars" list in the field of civil rights in 2022 and 2023. I was selected as a "Super Lawyer" in the field of civil rights in 2024 and for 2025.

12. I had the primary responsibility of preparing the Answering Brief and presenting the factual and legal issues in persuasive written form—conducting legal research, outlining, drafting, revising, and preparing for filing. I also prepared the various ancillary motions before the Ninth Circuit and prepared this fee motion. Mr. Galipo provided valuable feedback during the preparation of the Answering Brief. After Defendant filed his Reply Brief, Mr. Levine conducted further legal research on new issues brought up in the Reply Brief.

13. A reasonable fee for my professional services during the time I worked on this matter is **$650 to $750** per hour. As a result of my experience, I believe it is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise of comparable work.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 8th day of April 2025, in Woodland Hills, California.

_____
Hang D. Le