**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**BRIANA KIM, PC**
Christian F. Pereira, SBN 251599
christian@lawcfp.com
Ian A. Cuthbertson, SBN 325591
ian@lawcfp.com
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802
T: 714-482-6301
F: 714-482-6302

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, and J.S., A.S., Y.S.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, DAN PONDER and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 5:18-cv-00762-DMG-SP<br><br>*Honorable Dolly M. Gee*<br>*Hon. Mag. Sheri Pym*<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF PROCEEDS OF JUDGMENT FOR MINOR PLAINTIFF Y.S.; VERIFICATION BY GUARDIAN AD LITEM**<br><br>[Declaration of Hang D. Le and Exhibits thereto; Proposed Order *filed concurrently*] |

5:18-cv-00762-DMG-SP

PLAINTIFFS' EX PARTE APPLICATION FOR APPROVAL OF PROCEEDS OF JUDGMENT FOR MINOR PLAINTIFF Y.S.

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Estate of Clemente Najera-Aguirre, Julio Salgado, Alejandro Salgado, and Y.S., a minor by and through her guardian *ad litem* Lucila Salgado, hereby move by way of this Unopposed *Ex Parte* Application to Compromise the Claims of Plaintiff Y.S. for an order approving the settlement of Plaintiff Y.S.'s claims and distribution of her funds.

Plaintiffs make this application pursuant to Central District Local Rules 7-19 and 17-1.2. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. Prior to filing this *ex parte* application, Plaintiffs' counsel contacted Defendant Dan Ponder's counsel in compliance with Local Rule 19 through 7-19.1. Defendant's counsel is:

> Tony M. Sain
> Tony.Sain@lewisbrisbois.com
> Abigail J. R. McLaughlin
> Abigail.McLaughlin@lewisbrisbois.com
> 633 West 5th Street, Suite 4000
> Los Angeles, California 90071
> Telephone: 213.250.1800

Declaration of Hang D. Le in Support of Ex Parte Application to Compromise the Claims of Minor Plaintiff Y.S. ("Le Decl.") ¶ 2. Defendant and his counsel do not oppose the filing of this application for approval of the minor's compromise on an *ex parte* basis, nor do Defendant and his counsel oppose the substance of Plaintiffs' request for an order approving the claims of minor plaintiff Y.S. Le Decl. ¶ 3.

Plaintiffs seek approval of Plaintiff Y.S.'s compromise on an *ex parte* basis because the parties have come to an agreement regarding the satisfaction of judgment in this case that necessitates the County of Riverside exercise the best of its ability to make payment of Plaintiff Y.S.'s portion of the total judgment and interest **before June 16, 2025**, which is the start of a period of time when the County of Riverside is

unable to issue checks due to their financials being closed for annual reconciliation until July 1, 2025. Satisfaction of Plaintiff Y.S.'s portion of the total judgment and interest requires that the County issue two separate checks: one to fund the annuity and one to satisfy Plaintiff Y.S.'s portion of the attorney fees and costs in this case. County is unable to start the request for the issuance of the checks regarding Plaintiff Y.S.'s portion of the total judgment and interest without the Court Order approving Plaintiff Y.S.'s Application and the related annuity paperwork. Additionally, the issuance of the two checks must be requested on two separate days and checks are generally issued a few days after the request is made. Filing this application for approval of Plaintiff Y.S.'s claims as a regularly-noticed motion will collapse the carefully-negotiated terms of the parties' agreement for the satisfaction of judgment in this action. Le Decl. ¶ 4.

Accordingly, Plaintiffs respectfully requests that this Court consider Plaintiffs' application for approval of the compromise of Plaintiff Y.S.'s claims on an *ex parte* basis and **issue an order on or before May 30, 2025**, as soon as practicable in order to give the County of Riverside as much time as possible to issue the checks to satisfy Plaintiff Y.S.'s portion of the total judgment and interest and to send those checks out before June 16, 2025.

Respectfully submitted,
DATED: May 28, 2025                    LAW OFFICES OF DALE K. GALIPO

By  */s/ Hang D. Le*
    Dale K. Galipo
    Hang D. Le
    Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Lucila Salgado, guardian *ad litem* for minor plaintiff Y.S., hereby submits this *ex parte* application and proposed order for approval of proceeds of judgment for minor Plaintiff Y.S. in this matter, and requests that this Honorable Court approve of the proposed distribution of Plaintiff Y.S.'s funds.

The instant claims of Plaintiff Y.S. arose out of the officer-involved shooting death of her father, Clemente Najera-Aguirre ("Mr. Najera" or "Decedent") during an incident involving County of Riverside Sheriff's Deputy Dan Ponder. Plaintiff Y.S. is Decedent's daughter and one of his successors in interest. In addition to Plaintiff Y.S., Decedent's two other children, Julio Najera Salgado and Alejandro Najera Salgado, are also plaintiffs in this action. Julio Najera Salgado and Alejandro Najera Salgado are adults and reached the age of majority during this litigation.

This case went to trial on April 20, 2023. On April 26, 2023, the jury returned a general verdict in favor of Plaintiffs on their Fourth Amendment claim of excessive force against Defendant Ponder, awarding Plaintiffs $10,000,000. On May 10, 2023, this Court entered judgment in favor of Plaintiffs and against Defendant Ponder, "with an award of damages in total sum of $10,000,000…interest calculated from the date of the entry of judgment at the rate specified by 28 U.S.C. § 1961, and reasonable attorneys' fees as may be awarded by the Court." (Dkt. No. 217). Le Decl. ¶ 5. As the prevailing parties, Plaintiffs filed a Motion for Attorneys' Fees with the district court on June 30, 2023, seeking reasonable attorneys' fees pursuant to U.S.C. § 1988. (*See* Dkt. No 233). *Id.* On March 29, 2024, the Court issued an order awarding Plaintiffs $1,437,752.50 in attorneys' fees ("Attorneys' Fees Order"). (Dkt. No. 252). *Id.*

Defendant Ponder filed a Rule 50(b) Motion and thereafter, appealed the Court's denial of his Rule 50(b) Motion on qualified immunity to the Ninth Circuit

Court of Appeals. In a published opinion on March 11, 2025, a three-judge panel affirmed the Court's denial of qualified immunity and entered judgment. On April 8, 2025, after the Ninth Circuit transferred the consideration of attorneys' fees on appeal to the district court, Plaintiffs filed a Motion for Attorney Fees on Appeal, seeking at least $181,115 in additional attorney fees. (Dkt. No. 259). Le Decl. ¶ 7.

Pursuant to 28 U.S.C. § 1961, the post-judgment interest rate is determined "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" and is "computed daily to the date of payment… and shall be compounded annually." 28 U.S.C. § 1961(a), (b). Because Judgment was entered on May 10, 2023, the weekly average rate applied was for the week of April 5, 2023, which was 4.72%. Interest on the total judgment, which included the $1,437,752.50 in attorney fees, amounted to $1,479.07 per day. Le Decl. ¶ 6.

The parties have agreed that interest on the total judgment will stop accruing on May 30, 2025. The amount in interest that will have accrued up until May 30, 2025 is $1,110,781.57. Defendant has further agreed to pay the $181,115 Plaintiffs seek in attorney fees on appeal. Accordingly, the total amount owed to Plaintiffs is the $10,000,000 jury award, plus the $1,437,752.50 in statutory attorney fees, plus the $1,110,781.57 in interest, plus the $181,115 in statutory attorney fees on appeal, for a total of $<u>12,729,649.07</u>. Le Decl. ¶ 8. Plaintiffs have agreed to take a $100,000 reduction from the total, and in exchange, the County of Riverside will exercise the best of their abilities to make payment of Plaintiff Y.S.'s portion of the judgment before County's financials close for annual reconciliation on June 16, 2025, and the remainder of the amount owed by May 30, 2025. The $100,000 reduction will be taken from the attorneys' fee portion of the total. Accordingly, the total owed to Plaintiffs, inclusive of statutory attorney fees and interest on the judgment, is $<u>12,629,649.07</u>. Le Decl. ¶ 9.

2

5:18-cv-00762-DMG-SP

PLAINTIFFS' EX PARTE APPLICATION FOR APPROVAL OF PROCEEDS OF JUDGMENT FOR MINOR PLAINTIFF Y.S.

Plaintiffs' portion of the total amount is $10,971,155.65 (jury award plus interest accrued on the $10,000,000 award). Plaintiffs have agreed to evenly split this amount as follows:

| | |
|---|---|
| Julio Najera Salgado and his attorneys | $3,657,051.88 |
| Alejandro Najera Salgado and his attorneys | $3,657,051.88 |
| Y.S. and her attorneys | $3,657,051.88 |

Le Decl. ¶ 10.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Local Rule 17-1.2 states that "No claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree. In the context of proposed settlements in suits involving minor plaintiffs, the special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

Local Rule 17-1.3 states, "Insofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiff Y.S. and her attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. The Petitioner is Lucila Salgado, guardian *ad litem* for minor plaintiff Y.S.

2. Plaintiff Y.S. is a minor child and the biological daughter of the Decedent in this case, Clemente Najera-Aguirre. The minor Plaintiff Y.S. is female. She was born in 2010.

3. The Petitioner is the natural mother and legal guardian of Plaintiff Y.S.

4. The nature of Plaintiff Y.S.'s claim in this lawsuit is set forth in the operative complaint filed this action under case no. 5:18-cv-00762-DMG-SP. Plaintiff Y.S.'s claim is subject of an action in which a judgment has been entered for Plaintiff Y.S. (and Julio Najera Salgado and Alejandro Najera Salgado) and against Defendant Ponder, in the amount of $10,000,000. Le Decl. ¶ 11.

5. Plaintiff Y.S.'s damages in this case arise from the injuries suffered by Decedent, for which Plaintiff Y.S. can recover damages as a successor in interest. Le Decl. ¶ 12.

6. Medical treatment and medical billing are not relevant. Plaintiff Y.S. has not received medical treatment in connection with this case. Le Decl. ¶ 13.

7. The total amount of the judgment, attorney fees, and interest that Defendant has agreed to pay is $12,629,649.07. Of that amount, the gross total amount of the jury award and interest owed to Plaintiffs is $10,971,155.65. As set forth above, 1/3 of the gross jury award and interest will go to Plaintiff Y.S. and 2/3 of the gross jury award and interest will go to the remaining Plaintiffs. Accordingly, the gross jury award and interest will be divided as follows: (1) $3,657,051.88 to Plaintiff Y.S. and her attorneys; (2) $3,657,051.88 to Plaintiff Julio Salgado and his attorneys; and (3) $3,657,051.88 to Alejandro Salgado and his attorneys. Le Decl. ¶ 14.

8. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo and Briana Kim, PC—are requesting attorneys' fees in the amount of 40 percent of the $3,657,051.88 in gross jury award and interest allocated to Plaintiff Y.S., which is $1,462,820.75. Le Decl. ¶ 15. The contingency retainer agreement between Plaintiff Y.S.'s guardian *ad litem* and Plaintiff Y.S.'s attorneys provides for a 40 percent contingency fee. *Id.*

Plaintiffs' attorneys also seek reimbursement of advanced litigation costs in the total amount of $82,781.49. Le Decl. ¶ 16. The costs will be split among the Plaintiffs on a *pro rata* basis with their gross jury award and interest allocation, such that Plaintiffs' attorneys are requesting $27,593.83 in costs from the gross jury award and interest proceeds allocated to Plaintiff Y.S. *Id.*

These are the amounts that the Law Offices of Dale K. Galipo and Briana Kim, PC would be due under the existing contingency fee retainer agreement. This case involved a substantial amount of risk, was challenging, required significant background in § 1983 litigation, and was extensively litigated to the success of Plaintiffs. Le Decl. ¶ 17. If the Law Offices of Dale K. Galipo are not awarded a

fully compensatory fee in such cases, they would not be able to take them. In turn, minor plaintiffs such as Y.S. would not be able to attract competent counsel who could achieve similar results. *Id.* Accordingly, Plaintiff Y.S.'s attorneys request reimbursement the full amount of their attorneys' fees and costs. *Id.*

As stated above, the negotiated gross judgment amount, plus attorney fees and interest, is $12,629,649.07. The share of these proceeds apportioned for minor Plaintiff Y.S. and her attorneys is $3,657,051.88. After deducting requested attorneys' fees of $1,462,820.75 and *pro rata* costs in the amount of $27,593.83, the total net proceeds to Plaintiff Y.S. is $2,166,637.30. Le Decl. ¶ 18.

9. It is requested that $2,166,637.30 of Plaintiff Y.S.'s total net proceeds be used to fund a structured settlement annuity for Plaintiff Y.S. Le Decl. ¶ 19. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff Y.S., which is incorporated herein by reference. *Id.* The total amount that Plaintiff Y.S. will receive after final payment is made directly to her is $4,299,271.27. *Id.* Plaintiff Y.S.'s guardian *ad litem*, Lucila Salgado, agrees to this proposal and believes that it is in the best interests of Y.S. *Id.*

10. The moving guardian *ad litem*, Lucila Salgado, has no claims against Defendants in connection with the subject incident. Le Decl. ¶ 20.

11. The moving guardian *ad litem* also does not have any claims against the minor Plaintiff Y.S. in connection with the subject incident. Le Decl. ¶ 20.

12. California Welfare and Institutions Code Section 14124.73 does not apply. Le Decl. ¶ 21.

13. This motion does not seek an order for payment of money to a special needs trust.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This application was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800

Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs Estate of Clemente Najera-Aguirre, Julio Najera Salgado, Alejandro Najera Salgado, and Y.S. in this action. Le Decl. ¶ 22.

2. The Law Offices of Dale K. Galipo and Briana Kim, PC did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. Le Decl. ¶ 23.

3. The Law Offices of Dale K. Galipo and Briana Kim, PC represent Plaintiffs Estate of Clemente Najera-Aguirre, Julio Najera Salgado, Alejandro Najera Salgado, and Y.S. in this matter but are not employed by any other party or any insurance carrier involved in the matter. Le Decl. ¶ 24.

4. The Law Offices of Dale K. Galipo and Briana Kim, PC have not to date received any compensation for their services in connection herewith from any person. Le Decl. ¶ 25.

5. In addition to receiving compensation from Plaintiff Y.S.'s share of the jury award and interest, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross jury award and interest proceeds allocated to the remaining adult plaintiffs as follows: Plaintiffs' attorneys will receive $1,462,820.75 in attorneys' fees from Julio Najera Salgado's portion of the gross jury award and interest proceeds and $1,462,820.75 from Alejando Najera Salgado's portion of the jury award and interest proceeds. Le Decl. ¶ 26.

6. The Law Offices of Dale K. Galipo and Briana Kim, PC accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. Le Decl. ¶ 27. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit. *Id.*

//
//
//

**Petitioner's endorsement**:

Petitioner Lucila Salgado has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner understands that if the compromise proposed in this *ex parte* application is approved by the Court and is consummated, the minor child never be able to recover any more compensation from the Defendant even if Plaintiff Y.S.'s injuries turn out to be more serious than they now appear. Petitioner recommends the proposed distribution to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this distribution for the proceeds of judgment and make such other and further orders as may be just and reasonable. Petitioner Lucila Salgado requests that the Court enter the proposal attached to the Declaration of Hang D. Le as "**Exhibit A**." Specifically, Petitioner Lucila Salgado requests that the Court enter the Proposed Order filed concurrently herewith.  As stated, Petitioner Lucila Salgado is Plaintiff Y.S.'s guardian *ad litem*, natural mother, and legal guardian.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed order submitted, on or before May 30, 2025, or as soon as practicable, in order to give the County of Riverside as much time as possible to issue the checks to satisfy Plaintiff Y.S.'s portion of the total judgment and interest and to send those checks out before June 16, 2025.

//
//
//
//
//

Respectfully submitted,

DATED: May 28, 2025                LAW OFFICES OF DALE K. GALIPO


                                   By         */s/ Hang D. Le*
                                       Dale K. Galipo
                                       Hang D. Le
                                       Attorneys for Plaintiffs

9

5:18-cv-00762-DMG-SP

PLAINTIFFS' EX PARTE APPLICATION FOR APPROVAL OF PROCEEDS OF JUDGMENT FOR MINOR PLAINTIFF Y.S.