**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**BRIANA KIM, PC**
Christian F. Pereira, SBN 251599
christian@lawcfp.com
Ian A. Cuthbertson, SBN 325591
ian@lawcfp.com
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802
T: 714-482-6301
F: 714-482-6302

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THE ESTATE OF CLEMENTE NAJERA-AGUIRRE, and J.S., A.S., Y.S.,

Plaintiffs,

v.

COUNTY OF RIVERSIDE, DAN PONDER and DOES 2 through 10, inclusive,

Defendants.

Case No. 5:18-cv-00762-DMG-SP

*Honorable Dolly M. Gee*
*Hon. Mag. Sheri Pym*

**DECLARATION OF HANG D. LE IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF PROCEEDS OF JUDGMENT FOR MINOR PLAINTIFF Y.S.**

[*Notice of Ex Parte Application and Ex Parte Application; Exhibits; and Proposed Order filed concurrently herewith*]

**DECLARATION OF HANG D. LE**

I, Hang D. Le, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the facts contained herein and could testify competently thereto if called. I make this declaration in support of Plaintiffs' Unopposed Ex Parte Application for Approval of Proceeds of Judgment for Minor Plaintiff Y.S.

2. Defendant Dan Ponder is represented by:

Tony M. Sain
Tony.Sain@lewisbrisbois.com
Abigail J. R. McLaughlin
Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800

3. The parties have met and conferred regarding this instant *ex parte* application for approval of proceeds of judgment for minor Plaintiff Y.S. in connection with negotiations for Defendant's satisfaction of judgment, most recently, on May 28, 2025. Defendant and his counsel are in agreement with Plaintiff Y.S.'s instant application and do not intend to oppose Plaintiff Y.S.'s application for approval of proceeds of judgment.

4. Plaintiffs seek approval of Plaintiff Y.S.'s compromise on an *ex parte* basis because the parties have come to an agreement regarding the satisfaction of judgment in this case that necessitates payment of Plaintiff Y.S.'s portion of the total judgment and interest **before June 16, 2025**, which is the start of a period of time when the County of Riverside is unable to issue checks due to their financials being closed for annual reconciliation until July 1, 2025. Satisfaction of Plaintiff Y.S.'s portion of the total judgment and interest requires that the County issue two

separate checks: one to fund the annuity and one to satisfy Plaintiff Y.S.'s portion of the attorney fees and costs in this case. County is unable to start the request for the issuance of the checks regarding Plaintiff Y.S.'s portion of the total judgment and interest without the Court Order approving Plaintiff Y.S.'s Application and the related annuity paperwork. Additionally, the issuance of the two checks must be requested on two separate days and checks are generally issued a few days after the request is made. Filing this application for approval of Plaintiff Y.S.'s claims as a regularly-noticed motion will collapse the carefully-negotiated terms of the parties' agreement for the satisfaction of judgment in this action.

5. On April 26, 2023, the jury returned a general verdict in favor of Plaintiffs on their Fourth Amendment claim of excessive force against Defendant Ponder, awarding Plaintiffs $10,000,000. On May 10, 2023, this Court entered judgment in favor of Plaintiffs and against Defendant Ponder, "with an award of damages in total sum of $10,000,000…interest calculated from the date of the entry of judgment at the rate specified by 28 U.S.C. § 1961, and reasonable attorneys' fees as may be awarded by the Court." (Dkt. No. 217). As the prevailing parties, Plaintiffs filed a Motion for Attorneys' Fees with the district court on June 30, 2023, seeking reasonable attorneys' fees pursuant to U.S.C. § 1988. (*See* Dkt. No 233). On March 29, 2024, the Court issued an order awarding Plaintiffs $1,437,752.50 in attorneys' fees ("Attorneys' Fees Order"). (Dkt. No. 252).

6. Because Judgment was entered on May 10, 2023, the weekly average rate of interest applied was for the week of April 5, 2023, which was 4.72%. Interest on the total judgment, which included the $1,437,752.50 in attorney fees, amounted to $1,479.07 per day.

7. Defendant Ponder appealed the Court's denial of his Rule 50(b) Motion on qualified immunity to the Ninth Circuit Court of Appeals. In a published opinion on March 11, 2025, a three-judge panel affirmed the Court's denial of qualified immunity and entered judgment. On April 8, 2025, after the Ninth Circuit

transferred the consideration of attorneys' fees on appeal to the district court, Plaintiffs filed a Motion for Attorney Fees on Appeal, seeking at least $181,115 in additional attorney fees. (Dkt. No. 259).

8. The parties have agreed that interest on the total judgment will stop accruing on May 30, 2025. The amount in interest that will have accrued up until May 30, 2025 is $1,110,781.57. Defendant has further agreed to pay the $181,115 Plaintiffs seek in attorney fees on appeal. Accordingly, the total amount owed to Plaintiffs is the $10,000,000 jury award, plus the $1,437,752.50 in attorney fees, plus the $1,110,781.57 in interest, plus the $181,115 in attorney fees on appeal, for a total of $12,729,649.07.

9. Plaintiffs have agreed to take a $100,000 reduction from the total and in exchange, the County of Riverside will exercise the best of their abilities to make payment of Plaintiff Y.S.'s portion of the judgment before County's financials close for annual reconciliation on June 16, 2025, and the remainder of the amount owed by May 30, 2025. The $100,000 reduction will be taken from the attorneys' fee portion of the total. Accordingly, the total owed to Plaintiffs, inclusive of statutory attorney fees and interest on the judgment, is $12,629,649.07.

10. Plaintiffs' portion of the total amount is $10,971,155.65 (jury award plus interest accrued on the $10,000,000 award). Plaintiffs have agreed to evenly split this amount as follows: $3,657,051.88 gross proceeds to Julio Najera Salgado and his attorneys, $3,657,051.88 gross proceeds to Alejandro Najera Salgado and his attorneys, and $3,657,051.88 to Y.S. and her attorneys.

11. The nature of Plaintiff Y.S.'s claim in this lawsuit is set forth in the operative complaint filed this action under case no. 5:18-cv-00762-DMG-SP. Plaintiff Y.S.'s claim is subject of an action in which a judgment has been entered for Plaintiff Y.S. (and Julio Najera Salgado and Alejandro Najera Salgado) and against Defendant Ponder, in the amount of $10,000,000.

12. Plaintiff Y.S.'s damages in this case arise from the injuries suffered by Decedent, for which Plaintiff Y.S. can recover damages as a successor in interest.

13. Medical treatment and medical billing are not relevant. Plaintiff Y.S. has not received medical treatment in connection with this case.

14. The total amount of the judgment, attorney fees, and interest that Defendant has agreed to pay is $12,629,649.07. Of that amount, the gross total amount of the jury award and interest owed to Plaintiffs is $10,971,155.65. As set forth above, 1/3 of the gross jury award and interest will go to Plaintiff Y.S. and 2/3 of the gross jury award and interest will go to the remaining Plaintiffs. Accordingly, the gross jury award and interest will be divided as follows: (1) $3,657,051.88 to Plaintiff Y.S. and her attorneys; (2) $3,657,051.88 to Plaintiff Julio Salgado and his attorneys; and (3) $3,657,051.88 to Alejandro Salgado and his attorneys.

15. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo and Briana Kim, PC—are requesting attorneys' fees in the amount of 40 percent of the $3,657,051.88 in gross jury award and interest allocated to Plaintiff Y.S., which is $1,462,820.75. The contingency retainer agreement between Plaintiff Y.S.'s guardian *ad litem* and Plaintiff Y.S.'s attorneys provides for a 40 percent contingency fee.

16. Plaintiffs' attorneys also seek reimbursement of advanced litigation costs in the total amount of $82,781.49. The costs will be split among the Plaintiffs on a *pro rata* basis with their gross jury award and interest allocation, such that Plaintiffs' attorneys are requesting $27,593.83 in costs from the gross jury award and interest proceeds allocated to Plaintiff Y.S.

17. These are the amounts that the Law Offices of Dale K. Galipo and Briana Kim, PC would be due under the existing contingency fee retainer agreement. This case involved a substantial amount of risk, was challenging, required significant background in § 1983 litigation, and was extensively litigated to the success of Plaintiffs. If the Law Offices of Dale K. Galipo are not awarded a

fully compensatory fee in such cases, they would not be able to take them. In turn, minor plaintiffs such as Y.S. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiff Y.S.'s attorneys request reimbursement the full amount of their attorneys' fees and costs.

18. As stated above, the negotiated gross judgment amount, plus attorney fees and interest, is $12,629,649.07. The share of these proceeds apportioned for minor Plaintiff Y.S. and her attorneys is $3,657,051.88. After deducting requested attorneys' fees of $1,462,820.75 and *pro rata* costs in the amount of $27,593.83, the total net proceeds to Plaintiff Y.S. is $2,166,637.30.

19. It is requested that $2,166,637.30 of Plaintiff Y.S.'s total net proceeds be used to fund a structured settlement annuity for Plaintiff Y.S. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff Y.S., which is incorporated herein by reference. The total amount that Plaintiff Y.S. will receive after final payment is made directly to her is $4,299,271.27. Plaintiff Y.S.'s guardian *ad litem*, Lucila Salgado, agrees to this proposal and believes that it is in the best interests of Y.S.

20. The moving guardian *ad litem*, Lucila Salgado, has no claims against Defendants in connection with the subject incident nor does the moving guardian *ad litem* have any claims against the minor Plaintiff Y.S. in connection with the subject incident.

21. California Welfare and Institutions Code Section 14124.73 does not apply.

22. Plaintiffs' Unopposed Ex Parte Application for Approval of Proceeds of Judgment for Minor Plaintiff Y.S. was prepared by Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs Estate of Clemente Najera-Aguirre, Julio Najera Salgado, Alejandro Najera Salgado, and Y.S. in this action.

23. The Law Offices of Dale K. Galipo and Briana Kim, PC did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted.

24. The Law Offices of Dale K. Galipo and Briana Kim, PC represent Plaintiffs Estate of Clemente Najera-Aguirre, Julio Najera Salgado, Alejandro Najera Salgado, and Y.S. in this matter but are not employed by any other party or any insurance carrier involved in the matter.

25. The Law Offices of Dale K. Galipo and Briana Kim, PC have not to date received any compensation for their services in connection herewith from any person.

26. In addition to receiving compensation from Plaintiff Y.S.'s share of the jury award and interest, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross jury award and interest proceeds allocated to the remaining adult plaintiffs as follows: Plaintiffs' attorneys will receive $1,462,820.75 in attorneys' fees from Julio Najera Salgado's portion of the gross jury award and interest proceeds and $1,462,820.75 from Alejando Najera Salgado's portion of the jury award and interest proceeds.

27. The Law Offices of Dale K. Galipo and Briana Kim, PC accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit.

28. Attached hereto as "**Exhibit B**" is a group of documents from Pacific Life Insurance Company, including the ratings and sample guarantee.

//

//

//

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 28th day of May 2025, in Woodland Hills, California.

Hang D. Le