1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11    THE ESTATE OF CLEMENTE                 Case No. 5:18-cv-00762-DMG-SP
      NAJERA-AGUIRRE, and J.S., A.S.,
12    Y.S.,                                   *Honorable Dolly M. Gee*
                                              *Hon. Mag. Sheri Pym*
13
                        Plaintiffs,
14
                                              **[PROPOSED] ORDER RE:**
15              v.                            **PLAINTIFFS' UNOPPOSED** *EX*
                                              *PARTE* **APPLICATION FOR**
16    COUNTY OF RIVERSIDE, DAN                **APPROVAL OF PROCEEDS OF**
      PONDER and DOES 2 through 10,           **JUDGMENT FOR MINOR**
17    inclusive,                              **PLAINTIFF Y.S.**

18                      Defendants.

19

20

21

22

23

24

25

26

27

28

# [PROPOSED] ORDER

This Court, having considered Plaintiffs' Unopposed Ex Parte Application for Approval of Proceeds of Judgment for Minor Plaintiff Y.S., and GOOD CAUSE appearing therefore, hereby GRANTS the Ex Parte Application and makes the following orders:

1.     The disbursement of the proceeds of judgment minor Plaintiff Y.S. in this action against Defendant Dan Ponder in the net amount of $2,166,637.30 is hereby approved.

2.     Within the time provided by the parties' agreement regarding satisfaction of the judgment, Defendant Dan Ponder, through County of Riverside, and through counsel, shall prepare and deliver the drafts for the gross jury award and interest proceeds in the amount of $3,657,051.88 payable as follows:

a.     A draft for $1,490,414.58 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account," and sent to the Law Offices of Dale K. Galipo. These funds shall be used to satisfy (1) the attorneys' fees owed to the Law Offices of Dale K. Galipo and Briana Kim, PC in the amount of $1,462,820.75 by Plaintiff Y.S.; and (2) the pro rata costs owed to Plaintiff Y.S.'s attorneys in the amount of $27,593.83.

b.     Defendant Dan Ponder, through County of Riverside, will purchase a structured annuity for the minor Plaintiff Y.S. in the amount of $2,166,637.30 from Pacific Life Insurance Company (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+, Size XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that Y.S. will receive after the final payment is made directly to him from the annuity is $4,299,271.27.

c.     Defendant Dan Ponder, through County of Riverside, will arrange to
have the annuity premium check, made payable to Pacific Life &
Annuity Services, Inc., delivered directly to the annuity broker,
Baldwin Settlements.

5.     Annuity Carrier shall provide periodic payments in accordance with
"Exhibit A" to the Declaration of Hang D. Le and as set forth in the table below.

6.     All sums and periodic payments set forth in the two "Periodic
Payments" tables below constitute damages on account of personal physical injuries
or physical illness, arising from an occurrence, within the meaning of Section
104(a)(2) of the Internal Revenue Code of 1986, as amended.

7.     Disbursement drafts will be made payable and will begin being issued
directly to Plaintiff Y.S. upon reaching the age of maturity according to the payment
schedule below.

### Periodic Payments payable to Y.S.

| | |
|---|---|
| $150,000 | Payable annually, guaranteed 7 years, beginning on 7/31/2028, with the last guaranteed payment on 7/31/2034 |
| $250,000 | Paid as lump sum on 7/31/2035 |
| $250,000 | Paid as lump sum on 7/31/2037 |
| $250,000 | Paid as lump sum on 7/31/2039 |
| $875,000 | Paid as lump sum on 7/31/2042 |
| $1,624,271.27 | Paid as lump sum on 7/31/2045 |

9.     Defendant Dan Ponder, through County of Riverside, will make a
"qualified assignment" within the meaning of Section 130(c), of the Internal
Revenue code of 1986, as amended to Assignee, of Defendant Ponder's liability to

1  make the periodic payments as described in the above tables and in "Exhibit A" to

2  the Declaration of Hang D. Le filed concurrently herewith. Such assignment, if

3  made, shall be accepted by the Plaintiffs without right of rejection and shall

4  completely release and discharge Defendant Dan Ponder and County of Riverside

5  from such obligations hereunder as are assigned to Assignee. This includes that

6  Defendant Dan Ponder, through County of Riverside, shall execute a Qualified

7  Assignment document.

8         10.    Defendant Dan Ponder, through County of Riverside, and/or Assignee

9  shall have the right to fund its liability to make periodic payments by purchasing a

10  "qualified funding asset," within the meaning of Section 130(d) of the Code, in the

11  form of an annuity policy from the Annuity Carrier.

12         11.    Assignee shall be the owner of the annuity policy or policies and shall

13  have all rights of ownership.

14         12.    Assignee will have the Annuity Carrier mail payments directly to the

15  Plaintiffs Y.S., as set forth above. Lucila Salgado (until Plaintiff Y.S. reaches the

16  age of the majority) and then Plaintiff Y.S. shall be responsible for maintaining the

17  currency of the proper mailing address and mortality information to Assignee.

18

19         **IT IS SO ORDERED**.

20

21  Dated:

22                                 _____
                                   HONORABLE DOLLY M. GEE
                                   UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

[PROPOSED] ORDER